**Charles TROIS, Appellant,**

v.

**Glenn SYNNOTT, Appellee.**

**No. 3–88–023–CV.**

Court of Appeals of Texas, Austin.

Oct. 5, 1988.

Charles Blackley, Coffee, Ponder & Heinrich, Austin, for appellant.

Claude E. Ducloux, Wood, Lucksinger & Epstein, Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

Glenn Synnott recovered against Charles Trois a judgment for specific performance of their agreement of settlement and compromise in a pending lawsuit. Trois appeals. We will reverse the judgment and remand the cause to the trial court.

## THE CONTROVERSY

Trois sued Synnott to recover on the latter's past-due promissory note. Synnott interposed a general denial and in a counterclaim averred a statutory cause of action under the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.50 (1987). In the course of the lawsuit, the parties executed a written agreement to settle and compromise their respective claims. One part of the agreement required Synnott to pay Trois $25,000 before August 7, 1987. If he paid the sum timely, the agreement stated, the parties' respective claims would be dismissed with prejudice; if he did not, Trois would be authorized to submit to the trial court an "agreed judgment," in that amount, on terms specified in the agreement. The agreement also provided for an exchange of property between the two parties. While the agreement was signed by both parties and their attorneys, it was never filed as part of the record in the case or made in open court and entered of record, as required by Tex.R.Civ.P. Ann. 11 (Supp. 1988). Rule 11 required one formality or the other to make the agreement enforceable in the cause.

August 7, 1987 passed without consummation of the agreement of settlement and compromise. Synnott amended his pleading to allege, as an alternative counterclaim, an action for specific performance of the agreement and for attorneys fees. Shortly thereafter, Synnott also filed in the cause a motion entitled "Motion to Enforce Settlement Contract," reciting Trois' failure to perform the settlement agreement and Synnott's willingness and ability to do so. Synnott attached to his motion an unsigned copy of the agreement of settlement and compromise.

Apparently by agreement of the parties, Synnott's motion was heard October 7, 1987, the same day it was filed. In the hearing, Synnott proved the making of the agreement of settlement and compromise and Trois' failure to perform thereunder. Trois, on the other hand, offered evidence that the parties intended the agreement to be conditional only. He argued the agreement was not enforceable because not in compliance with Rule 11; and, in any case, it was not enforceable because he no longer consented to the rendition of judgment

based on the agreement. At the close of the hearing, the trial judge orally announced his judgment awarding Synnott specific performance of the agreement and judgment for $1,500 in attorneys fees. Shortly thereafter, the trial judge signed a final judgment on those terms, from which Trois took the present appeal.

## DISCUSSION AND HOLDINGS

The appeal raises two issues. The first is whether the trial court was empowered to render a valid judgment, *without a trial*, based on the parties' consent to terminate the litigation in that manner and on the terms indicated in their agreement of settlement and compromise. If the trial court lacked the power to render a consent judgment without a trial, the second issue arises: *did the hearing on October 7, 1987 constitute a "trial,"* wherein the trial court determined the relevant issues of fact and law, so that it was then empowered to render a final judgment based on those determinations. We hold the judgment below is not sustainable on either theory.

### *Whether the Judgment is a Valid Consent Judgment*

■ There can be little doubt that the trial court intended its judgment to be a final judgment, even though it is conditional—Trois' duty to perform certain obligations specified in the judgment is made conditional upon Synnott's payment into court of $23,500, which is evidently the remainder after deducting $1,500 in attorneys fees from the $25,000 Synnott agreed to pay Trois by August 7, 1987. In the judgment, the trial court recited its findings that the parties made the agreement; that Synnott had complied with all its terms; that no grounds existed for its "repudiation"; and that the parties intended by the agreement to dispose wholly "of all matters in controversy, including all claims and counterclaims." For relief, the judgment ordered the payment of money and the exchange of property as contemplated by the agreement, and dismissed with prejudice the parties' respective claims against each other. We hold the trial court lacked

power to render such a judgment *without a trial*, which is rather plainly the tenor and effect of the judgment.

The judgment recites that the subject of the hearing on October 7, 1987 was Synnott's "Motion to Enforce Settlement Contract." The parties do not dispute that the trial judge was made aware, before the judgment was rendered, that Trois did not consent to a judgment without trial founded on the agreement of settlement and compromise. In those circumstances, the trial court lacked power to render a judgment by consent and without a trial. *Quintero v. Jim Walter Homes,* 654 S.W. 2d 442, 444 (Tex.1983); *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951).

■ Even if the court had the power to render the judgment, the agreement was not enforceable against Trois for want of compliance with Rule 11. That is to say, the agreement was neither filed as part of the record in the cause nor made in open court and entered of record, as Rule 11 expressly requires for the enforcement of an "agreement between attorneys or parties touching any suit pending...." *Kennedy v. Hyde,* 682 S.W.2d 525 (Tex.1984).

Synnott argues that *Kennedy* does not require "slavish adherence" to the literal language of Rule 11, and that an examination of the underlying policy of the rule is essential to its proper application. *See, Kennedy* at 529. The "policy" to which Synnott refers is the purpose of Rule 11— to encourage the making of agreements and stipulations, and their enforcement, while assuring that the agreements and stipulations do not themselves give rise to collateral and additional controversies. *Kennedy* at 530. Thus, the policy requires in the present case that Rule 11 be enforced literally, for the parties are in total disagreement about the proper interpretation of the agreement of settlement and compromise.

On both the grounds discussed above— the trial court's want of power to enter a consent judgment without trial and the unenforceability of the agreement for want of

compliance with Rule 11—we hold the judgment below invalid.

### Whether the Judgment is Valid Because Based on a "Trial"

■ Quite apart from the effect of the parties' agreement as a basis for a judgment without a trial or its enforceability in the suit under Rule 11, the agreement may have constituted a *contract* between them that was arguably enforceable *as such.* Indeed, before the hearing on October 7, 1987, which resulted in the final judgment we now review, Synnott had amended his pleadings in the cause to aver a cause of action for specific performance of the agreement as a contract. On appeal, Synnott argues that the hearing had reference to this pleaded cause of action for specific performance; and the hearing constituted a "trial" wherein the relevant issues of law and fact were determined by the trial court. Consequently, the judgment is valid, he contends, because it rests upon those determinations and *not* upon Trois' consent to judgment without a trial or his unenforceable agreement in a matter touching the suit, as contemplated by Rule 11. Synnott makes the argument in the alternative, of course, and by supplemental brief in response to our queries in oral argument on submission of the appeal.

The trial court was empowered to "order a separate trial of any claim ... or issues" in the cause, Tex.R.Civ.P.Ann. 174(b) (1976); and, empowered to render thereafter an "interlocutory order determining the claims or issues so tried," followed by a final judgment that determined all issues and claims in the suit as a whole. *Kansas Univ. Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11, 19 (1961). Synnott contends such a course was followed in the present case. We conclude the record does not support that contention in any respect.

The record contains neither a motion nor an order that refers to a separate trial of any matter relating to Synnott's pleaded cause of action for specific performance of the contract of settlement and compromise. On the other hand, the very terms of the judgment defended by Synnott on appeal refute his contention that it rests on any such separate trial of an issue or claim.

The judgment does *not* recite that all or any part of Synnott's *cause of action* for specific performance was considered at the hearing. Instead, the judgment declares that the court considered at the hearing only Synnott's "Motion to Enforce Settlement Contract." The statement of facts, resulting from the hearing, is to the same effect. The very word "motion" implies a prayer for relief *not* embraced in a *pleading,* such as that containing Synnott's cause of action for specific performance. 3 McDonald, Texas Civil Practice § 10.18, at 33 (1983). More importantly, the judgment in the present case plainly does not purport to *adjudicate* any cause of action; instead, the judgment expressly and specifically orders that all causes of action pleaded by either party, and the lawsuit itself, be *dismissed with prejudice.* The dismissal of a case is manifestly not a "trial" of the case or any issue in it, even though it *terminates* the litigation (perhaps finally when the dismissal is with prejudice as occurred here) just as a judgment on the merits would do after a trial. "[A] dismissal is in no way an adjudication of the rights of the parties...." *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex.1962). For the foregoing reasons, we reject Synnott's contention that the judgment we now review is based upon a "trial" and resulting adjudication of his cause of action for specific performance of the settlement contract, as such.

We therefore reverse the judgment below and remand the cause to the trial court.