**Jack B. RANDALL, Jr., Appellant,**

v.

**STATE of Texas, State.**

**No. 2–90–49–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 6, 1991.

Michael Logan Ware, Fort Worth (Court appointed for appeal only), for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Asst. Crim. Dist. Atty., Chief of

Appellate Section, St. Clair Theodore, Elizabeth Cottingham, and Christian Harrison, Asst. Crim. Dist. Attys., for appellee.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Jack B. Randall, Jr., was convicted by a jury of the offense of aggravated sexual assault. *See* TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). The jury assessed punishment at twelve years confinement in the Texas Department of Criminal Justice, Institutional Division.

We affirm.

Appellant raises the four following points of error: 1) the trial court committed reversible error in denying appellant's challenge for cause of venireman Danna Harrell under Article 35.16 of the Texas Code of Criminal Procedure; 2) the trial court abused its discretion in denying appellant's challenge for cause of venireman Danna Harrell; 3) there is insufficient evidence to support the jury's verdict of guilt on the offense of aggravated sexual assault; and 4) the trial court erred in denying appellant's motion for the State to elect and in submitting both counts of the indictment to the jury.

In 1986, W.V., an eight-year-old girl, resided with her parents at Carswell Air Force Base in Tarrant County, Texas. In March of 1986, appellant, who had been assigned to be sponsored by W.V.'s father, began spending time at W.V.'s home under the pretense of helping the family while W.V.'s father was away. During such visits appellant babysat W.V. along with other children. Sometimes he took them to the park and for walks.

W.V. and her six-year-old friend, S.P., testified that on several occasions when they were watching television with appellant, he would cover the two girls with a blanket and rub their "tu-tus." Both girls pointed out their "tu-tus" on a doll as being their vaginal or female sexual organ area. Appellant told the girls not to tell their parents about his actions toward them or he would whip them and their parents would not love them anymore.

On the evening of June 23, 1986, appellant took W.V. and S.P. along with him to walk W.V.'s family dog. Upon returning from this walk, both girls had scraped knees and were crying. Appellant told W.V.'s mother that the girls had fallen while they were walking the dog. The two girls testified that during this walk appellant took them to a park where he rubbed their "tu-tus." Appellant placed the girls on concrete sewer tubes at the park. He proceeded to lick his little finger and place his hand underneath W.V.'s clothing and put his finger inside her "tu-tu."

Appellant left town for a period of time following this incident during which the girls made a cassette recording telling their parents that appellant was a "nasty boy" and that he rubbed their tu-tus and stuck his finger inside them while they were on cement pipes in the park. W.V.'s mother discovered the tape on July 21, 1986, when she was preparing to read the girls a Cinderella story using a tape cassette. W.V.'s mother questioned the girls about the tape and then notified the police. Appellant was then tried and convicted of the offense of aggravated assault.

Appellant's first two points of error allege that the trial court erred and abused its discretion in denying appellant's challenge for cause of venireperson Danna Harrell.

Appellant's complaint regarding the suitability of Harrell as a juror stems from Harrell's response to the following question from defense counsel:

But can you think of—see, here again, I don't know how to put this. Do you think that a child whether they are living in a fantasy world or what, could fabricate something like this, a story like this? If you don't think that's possible for a child to do that, I'd like to know it. Are there any of you that think that a child would not fabricate a story that an adult had done something such as alleged here that penetrated her sexual parts by inserting his finger in it? Are

there any of you that think a child could not fabricate a story like that?

Harrell raised her hand in response to this question and was asked to approach the bench upon which the following discussion occurred:

THE VENIREMAN: Well, I'm just speaking for my kids. If my kids came and—I don't care what age—and said something like that, I'd believe them. I'd think what reason do they have to lie about something like that. That's just my opinion. That's just speaking from my relationship with my kids.

THE COURT: How old are your kids?

THE VENIREMAN: Eleven and fourteen.

. . . .

MR. WILSON: Let's take it one step further. On any other child of similar age, if they told that story from the witness stand, would you automatically believe them?

THE VENIREMAN: I wouldn't understand what reason they would have to lie. I guess—

MR. WILSON: Well, the key word, I think, is "automatically." Would you automatically believe them?

THE VENIREMAN: Probably.

On the basis of Harrell's statements, appellant challenged her for cause and the trial court denied this challenge.

Two steps must be taken by a defendant in order to preserve the issue of the denial of a challenge for cause for appellate review. The defendant must first request additional peremptory challenges. *Callins v. State,* 780 S.W.2d 176, 188 (Tex.Crim. App.1989); *James v. State,* 772 S.W.2d 84, 96 (Tex.Crim.App.1989); *Cantrell v. State,* 731 S.W.2d 84, 94 (Tex.Crim.App.1987). The defendant must next state that a juror was seated against whom he would have used a peremptory challenge. *James,* 772 S.W.2d at 96; *Cantrell,* 731 S.W.2d at 94; *Bell v. State,* 724 S.W.2d 780, 796 (Tex. Crim.App.1986).

These steps bring appellant's complaint to the trial court's attention and provide the court the opportunity to cure any alleged error relating to the wrongful denial of a defense challenge for cause by granting the defendant additional peremptory challenges. *See Rector v. State,* 738 S.W.2d 235, 247 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 202, 98 L.Ed.2d 153 (1987); *Barber v. State,* 737 S.W.2d 824, 830 (Tex.Crim.App.1987), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1559, 103 L.Ed.2d 861 (1988).

■ Appellant states in his brief that an additional peremptory strike was not requested. Additionally, appellant failed to show an objectional juror was seated. Thus appellant failed to preserve this issue for consideration upon appeal. Appellant's first and second points of error are overruled.

Appellant's third point of error states that there is insufficient evidence to support the jury's verdict of guilty to the offense of aggravated assault.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ Reviewing the evidence to support the verdict in the instant case, we note that

both W.V. and S.P. testified that appellant licked his finger and put it inside their "tu-tus." Further, both girls used a doll to identify their "tu-tu" as being their vagina or female sexual organ. W.V.'s mother also testified that W.V.'s vagina had been red and irritated.

Appellant considers significant the testimony of a physician at trial that she examined W.V. and found no evidence of sexual abuse. However, during cross-examination this same physician stated that had appellant licked his pinkie finger and placed it inside W.V.'s labia, there would not necessarily be physical evidence that this act had occurred. The physician went on to state that her definition of penetration indicated an actual tearing of the hymen and that this definition differed from the legal definition of penetration.

Considering this evidence in a light most favorable to the jury's verdict, we find that any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *See Flournoy,* 668 S.W.2d at 383; *Bonham,* 680 S.W.2d at 819. Appellant's third point of error is overruled.

Finally, appellant complains in his fourth point of error that the trial court erred in denying appellant's motion for the State to elect and in submitting both counts of the indictment to the jury.

■ Appellant was indicted under a two-count indictment for the offenses of aggravated sexual assault and indecency with a child. After the closing of evidence, appellant's request for the State to elect the count on which it would proceed was denied. The trial court instructed the jury on both offenses but told them they could only consider the offense of indecency with a child if they acquitted appellant on the charge of aggravated sexual assault. The jury convicted appellant of aggravated sexual assault and did not reach a verdict on the indecency charge.

■ Appellant argues that the denial of his request for the State to elect the offense on which it would proceed was error. However, election is not required if the evidence shows that the offenses were committed as part of the same criminal transaction and the defendant is only convicted of one offense. *Ponder v. State,* 745 S.W.2d 372, 374 (Tex.Crim.App.1988).

Appellant acknowledges the current state of the law regarding this matter and argues that it should be changed. However, he does not assert a theory for such a change which this court finds persuasive.

Since the two offenses with which appellant was charged arose out of the same criminal transaction, the trial court was not required to force the State to elect the count upon which it would proceed. *See id.* Appellant's fourth point of error is overruled.

We affirm.