IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-103-CV





DOMINIC CHARLES GAUDIN,



 APPELLANT


vs.





ARWEN ANDRIAL BERRY,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 482,889, HONORABLE PETE LOWRY, JUDGE



 





PER CURIAM


 Appellant Dominic Charles Gaudin appeals from a final decree in a paternity suit
brought by appellee Arwen Andrial Berry. See Tex. Fam. Code Ann. §§ 13.01, 13.42 (Supp.
1991). In pertinent part, the trial court found that Gaudin was the father of the child, appointed
Berry managing conservator and Gaudin possessory conservator, and provided for visitation and
support. We will affirm the order of the trial court.

 In three points of error, Gaudin contends that the trial court erred in accepting
stipulations without insuring that he was in agreement and in rendering judgment based on the
stipulations. Parties may enter into agreements in open court to limit the issues in dispute. 
Kennedy v. Hyde, 682 S.W.2d 525, 528 (Tex. 1984); City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 677 (Tex. 1979). To be enforceable, such agreements must be in
writing, signed and filed with the papers as part of the record or made in open court and entered
of record. Tex. R. Civ. P. Ann. 11 (Supp. 1991); Clear Creek, 589 S.W.2d at 677; Trois v.
Synnott, 758 S.W.2d 384, 386 (Tex. App. 1988, no writ).

 In the instant cause, Berry's attorney stated, "Your Honor, we have several
agreements that we made prior to the announcements in this case, and we would like to read those
into the record, if we could, and get Counsel's concurrence on our agreements." The attorney
then listed the issues on which the parties agreed, including: (1) Gaudin acknowledged that he
is the father, (2) the amount of past-due child support, (3) that the child's surname be changed to
"Gaudin," and (4) Gaudin would be granted standard visitation. Gaudin's attorney added the
agreement that Berry be named managing conservator and Gaudin possessory conservator.

 The court then received evidence on issues that were still disputed. At the close
of the hearing, the court asked, "Are you all, the lawyers, satisfied that your agreement is on the
record and that it's pinned down?" Counsel for Berry and Gaudin replied, "Yes." The trial court
then issued its judgment that incorporates the parties' agreements and the court's rulings on the
disputed issues.

 In his brief, Gaudin asserts that his testimony indicated to the trial court that the
terms of the agreement were in dispute (1) and that the court never obtained his assent to the
agreements. Counsel did set out the terms agreed upon in open court and on the record. Rule
11. Our review of the record does not show that Gaudin objected to these terms or to the
judgment. Furthermore, we do not find that Gaudin raised a question as to his attorney's
authority to agree on Gaudin's behalf. See Tex. R. Civ. P. Ann. 7 (1979); Cleere v. Blaylock,
605 S.W.2d 294 (Tex. Civ. App. 1980, no writ); Walden v. Sanger, 250 S.W.2d 312, 316 (Tex.
Civ. App. 1952, no writ). We overrule points of error one, two, and three.

 In points of error four and five, Gaudin complains that there was no evidence or
insufficient evidence to support the award of medical expenses in the amount of $1500.00 to
Berry. Pursuant to Tex. Fam. Code Ann. § 13.42(a) (Supp. 1991), a court may order a party to
pay an equitable portion of all prenatal and postnatal related health care expenses of the mother
and the child.

 In deciding a no evidence point, we must consider only the evidence and inferences
tending to support the finding and disregard all evidence and inferences to the contrary. Alm v.
Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965). To determine whether the evidence was factually sufficient, this Court must
consider and weigh all the evidence, and should set aside the judgment only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951). Because
Gaudin raises both a legal and a factual sufficiency point of error, we first examine the legal
sufficiency of the evidence. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981).

 Gaudin contends that there is no evidence to support the award of medical expenses
because the trial court improperly based the award on medical bills not admitted into evidence. 
Berry offered, but the trial court did not admit, a summary of medical expenses, supported by
statements, for herself and the child. The trial court also sustained Gaudin's objection to Berry's
testimony as to the reasonableness and necessity of the expenses.

 Berry did testify, without objection, that she had incurred the amount of $6,254.64
in medical expenses for the support of her son and that her insurance had not reimbursed her for
$3,037.53 of that amount. Berry testified further that her father actually paid the $3,000.00 of
expenses not reimbursed; that he expected her to repay him; and that the expenses were for "the
prenatal and postnatal and medical expenses up until now." Because there is more than a scintilla
of evidence, apart from the summary of medical expenses, to support an award in the amount of
$1500.00, we overrule point of error three.

 Gaudin's factual sufficiency argument must also fail. The record does not contain
any evidence that contradicts Berry's testimony as to the amount and purpose of the medical
expenditures. See § 13.42(a). Accordingly, the judgment is not so contrary to the overwhelming
weight and preponderance of the evidence as to be clearly wrong and unjust. We overrule point
of error four.

 The order of the trial court is affirmed.



[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: December 11, 1991

[Do Not Publish]

1.   On questioning by his attorney, Gaudin testified:


 Q Do you have any doubt now, after having taken the blood test -- which we did
agree to do. Isn't that correct?


 A Yes, we did agree.


 Q -- that the child is yours?


 A Yes.


 Q Do you want to start a relationship with your child?


 A Yes.


 Q And that's why we're asking for the visitation as agreed?


 A Correct.


 Q Do you have any problem at all in doing everything necessary to cooperate in
any way that you can to have your son avail himself of the medical benefits of the
service?


 A No, I'm willing to cooperate.