**Steven Raymond BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 2–92–379–CR, 2–92–380–CR.**

Court of Appeals of Texas,
Fort Worth.

June 29, 1994.

Discretionary Review Granted
Sept. 21, 1994.

Robert McCrarey, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Assistants Chief Appellate Section, and Steven W. Conder, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

WEAVER, Justice.

Appellant, Steven Raymond Brown, was convicted by a jury of two offenses: possession of marijuana of more than five pounds but less than fifty pounds, and aggravated assault on a peace officer. The jury assessed punishment, enhanced by one prior felony conviction, at forty years' confinement for the possession conviction, and forty-five years' confinement for the assault conviction. Appellant challenges these convictions through two points of error. In point one he alleges the trial court erred in admitting evidence of an extraneous offense, and in point two he claims there was insufficient evidence he possessed a usable quantity of marijuana greater than five pounds, but less than fifty pounds. We affirm.

On the evening of July 21, 1991, Naleen Weeraman was working as a waiter and bartender at a cafe located in a Holiday Inn in North Fort Worth. While Weeraman was standing at the hostess stand, he observed someone drive into a friend's parked car. When Weeraman went outside to investigate, the driver of the car, later identified as appellant, took a gun out from his side and pointed it at Weeraman. Weeraman told appellant to "Take it easy," and began backing off. When Weeraman got back inside the cafe, he had the front desk call the police.

Upon receiving a call that an individual at the Holiday Inn had pointed a gun at another individual, Officers G.C. Barrera and Raymond Rivera, who were traveling in separate patrol units, went to the hotel. When the officers arrived on the scene they observed a vehicle matching the description given to them by the dispatcher attempting to leave the parking lot. Barrera pulled in behind the vehicle, turned on his emergency lights, and exited his unit positioning himself between his door and his vehicle. Rivera parked in front of appellant's vehicle and got out of his patrol unit. Rivera also assumed a defensive position behind the door of his patrol unit. Both officers had their service revolvers drawn and pointed at appellant.

Once out of his patrol car, Barrera ordered appellant to place his hands where the officer could see them. Appellant did not reply to Barrera's command, nor did he comply and place his hands where the officer could see them. When Barrera repeated his order, appellant raised his right hand and pointed a "shiny object" at Barrera for approximately two to five seconds. The object appeared to both officers to be a gun. When Barrera ordered appellant to drop the gun and place his hands where they could be seen, appellant lowered his hands and the gun to where Barrera could not see them. Appellant then again raised the gun and this time he positioned it to his own head. Finally, after the third or fourth command from Barrera, ap-

pellant dropped the gun and raised his empty hands to where Barrera could see them.

Once appellant raised his empty hands, Barrera approached the car, grabbed appellant's left hand, and pulled him from the car. Barrera then placed appellant under arrest. While frisking appellant, Barrera discovered a plastic baggy containing numerous rounds of .22 caliber ammunition and several pocket knives. Additionally, a .22 caliber semi-automatic pistol was taken from appellant's vehicle.

After appellant was arrested, Barrera placed him in his patrol unit. By this time other officers had arrived on the scene. One of these officers guarded appellant while Rivera and Barrera inventoried appellant's vehicle. During the inventory, the officers found two large plastic bags inside the trunk. Inside each plastic bag, wrapped in yet another plastic bag, was a burlap sack. Each burlap sack contained a green leafy substance which appeared to be marijuana.

John Harris, a criminalist with the Fort Worth Police Department, conducted a chemical analysis on the green leafy substance found in both bags and determined that it was, in fact, marijuana. Harris also weighed the plant material contained in each bag. The net weight of the plant material in one bag was 17.57 pounds, and the net weight of the plant material in the other bag was 17.63 pounds. Of this, Harris determined that the first bag contained 4.7 pounds of usable marijuana, and the second bag contained 3.4 pounds of usable marijuana.

In his first point of error, appellant contends the trial court erred in admitting evidence of an extraneous offense over his objection. Specifically, appellant complains of the admission of evidence that, prior to the incident with officers Barrera and Rivera, appellant pointed a gun at Naleen Weeraman. According to appellant, this amounted to admission of evidence of another aggravated assault in violation of rule 404(b) of the Texas Rules of Criminal Evidence.[1] We disagree.

1. Rule 404(b), which deals with the admission of extraneous offense evidence, provides as follows:
    Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

The Court of Criminal Appeals has distinguished between two types of background evidence when addressing extraneous offense evidence: (1) evidence of other offenses connected with the primary offense, referred to as "same transaction contextual evidence;" and (2) general background evidence, referred to as "background contextual evidence." *Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Crim.App.1993). Same transaction evidence is admissible as an exception under rule 404(b) where such evidence is *necessary* to the jury's understanding of the charged offense. *Id.* As the court stated in *Rogers:*

> Same transaction contextual evidence is deemed as a so-called exception to the propensity rule where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." (citation omitted) *The reason for its admissibility "is simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose."* (citation omitted) Necessity, then, seems to be one of the reasons behind admitting evidence of the accused's acts, words and conduct at the time of the commission of the offense. (citation omitted)

*Id.* (emphasis added) (quoting *Mayes v. State*, 816 S.W.2d 79, 86–87 n. 4 (Tex.Crim. App.1991)). Additionally, the decision of whether same transaction evidence is admissible is left to the trial court and its decision will not be disturbed on appeal absent an abuse of discretion. *See Blackwell v. State*, 818 S.W.2d 134, 137 (Tex.App.—Waco 1991, pet. ref'd).

Appellant argues the contested evidence in the present case cannot be considered same transaction evidence because, according to appellant, the events on the day in question involve two distinct transactions: first, the transaction that occurred when appellant pointed his gun at Weeraman and Weeraman then escaped and had someone call the police; and second, the transaction which occurred when Officers Barrera and Rivera approached appellant and appellant then pointed his gun at Officer Barrera. However, appellant ignores the reality of what actually occurred in the present case. After appellant pointed his gun at Weeraman, Weeraman went inside and had the front desk immediately call the police. Officers Barrera and Rivera arrived in less than five minutes.

Under the facts of the present case, the evidence that appellant pointed the gun at Weeraman was necessary for the jury's understanding of the charged offenses. In detailing the facts and circumstances of the charged offenses, it would have been impracticable to avoid describing why Officers Barrera and Rivera pulled into the parking lot, boxed appellant in, and exited their patrol units taking up a defensive position with their guns drawn and pointed at appellant. Because the contested evidence was necessary for the jury to properly understand the charged offenses, the trial court did not abuse its discretion in admitting the evidence. *Cf. Henry v. State*, 828 S.W.2d 312, 313–15 (Tex.App.—Fort Worth 1992, pet. ref'd) (evidence that earlier in the day defendant had shot and wounded a sheriff's deputy in neighboring county was admissible in defendant's attempted capital murder trial for attempting to shoot a sheriff's deputy from another county later in the day); *Winkfield v. State*, 792 S.W.2d 727, 731 (Tex.App.—Corpus Christi 1990, pet. ref'd) (evidence of defendant's robbery of one victim was admissible in defendant's trial for robbery of second victim where the two robberies occurred moments apart in the same location); *Amaya v. State*, 759 S.W.2d 737, 738–39 (Tex.App.—El Paso 1988, pet. ref'd) (evidence that defendant had attempted to steal groceries from aggravated assault victim's younger brother a short time before the occurrence of the assault was admissible as part of one continuous transaction). Appellant's first point of error is overruled.

knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence *other than that arising in the same transaction.*
TEX.R.CRIM.EVID. 404(b) (emphasis added).

In his second point of error, appellant contends the evidence was insufficient to establish he possessed a usable quantity of marijuana greater than five pounds, but less than fifty pounds. Specifically, appellant argues that because the marijuana was located in the trunk, and because there is no evidence that appellant did anything more than operate the car, the evidence is not sufficient to "affirmatively link" him to the marijuana.

■ Texas courts have consistently held that *mere presence at the scene is not sufficient* to establish unlawful possession of a controlled substance. *See, e.g., McGoldrick v. State,* 682 S.W.2d 573, 578–79 (Tex.Crim. App.1985). Rather, under the "affirmative link" concept of appellate review, there must be some additional facts, or "affirmative links," to show knowledge and control of the substance. *See id.* However, the "affirmative link" concept of appellate review of the sufficiency of the evidence is simply a corollary to the "reasonable hypothesis analysis." *See Humason v. State,* 728 S.W.2d 363, 366–67 (Tex.Crim.App.1987) (absence of "affirmative links" between defendant and cocaine failed to eliminate "reasonable hypothesis" defendant was unaware of presence of cocaine); *Castellano v. State,* 810 S.W.2d 800, 805–06 (Tex.App.—Austin 1991, no pet.) (acknowledging that "affirmative link" requirement originated as outgrowth of Court of Criminal Appeals' approach to circumstantial evidence cases requiring exclusion of outstanding "reasonable hypothesis"); *Whitworth v. State,* 808 S.W.2d 566, 570 (Tex. App.—Austin 1991, pet. ref'd) (holding that to be sufficient, evidence must "affirmatively link" defendant to contraband and must exclude every "reasonable exculpatory hypothesis"). Under the "reasonable hypothesis analysis," when reviewing the sufficiency of the evidence in a circumstantial evidence case, the State's evidence must exclude every other reasonable hypothesis other than the guilt of the accused. *See Geesa v. State,* 820 S.W.2d 154, 156–58 (Tex.Crim.App.1991).

■ In *Geesa,* the Court of Criminal Appeals rejected use of the "reasonable hypothesis analysis" as a method of appellate review for sufficiency of the evidence. *Id.* at 161. Thus, the State argues that the "affirmative

link" concept should likewise be rejected. In support of this position, the State relies on *Eaglin v. State,* 872 S.W.2d 332 (Tex.App.— Beaumont 1994, no pet.). In *Eaglin,* the Beaumont Court of Appeals held that in light of *Geesa,* the "affirmative link" analysis is no longer appropriate for appellate review of the sufficiency of the evidence in circumstantial evidence cases. *Id.* at 336–37. The court went on to hold that the sole standard of review for sufficiency of the evidence is that stated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

We are aware that other appellate courts in this state have continued to apply the "affirmative link" analysis in possession cases, even after the Court of Criminal Appeals' decision in *Geesa. See Villarreal v. State,* 865 S.W.2d 501, 503 n. 1 (Tex.App.— Corpus Christi 1993, pet. ref'd); *Williams v. State,* 859 S.W.2d 99, 101 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). However, because the "affirmative link" analysis is so closely tied to the "reasonable hypothesis analysis," we agree with *Eaglin* that it is no longer viable in light of *Geesa.* Like the court in *Eaglin,* we hold that the sole standard of review to be applied when reviewing the sufficiency of the evidence is that established in *Jackson.*

■ Under the *Jackson* standard, the evidence is viewed in the light most favorable to the verdict. The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). We

are not to sit as a thirteenth juror and re-weigh the evidence to determine whether we believe the evidence established the elements beyond a reasonable doubt. *Blankenship v. State,* 780 S.W.2d 198, 207 (Tex.Crim.App. 1989) (opinion on reh'g). "If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds." *Randall v. State,* 803 S.W.2d 489, 491 (Tex.App.—Fort Worth 1991, pet. ref'd).

In order to establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Martin v. State,* 753 S.W.2d 384, 386 (Tex.Crim.App.1988). Although we have abandoned the "affirmative link" analysis as a method of reviewing the sufficiency of the evidence, we are still of the opinion that the mere presence of an accused at the scene of an offense is not alone sufficient to support a conviction. However, it is a circumstance tending to prove guilt, which, combined with other facts or circumstances may be sufficient to establish guilt. *Beardsley v. State,* 738 S.W.2d 681, 685 (Tex.Crim.App.1987). Other factors which courts have viewed as tending to establish the essential elements of possession, even under the old "affirmative link" analysis, include: (1) whether the contraband was conveniently accessible to the accused; (2) whether the accused was the driver of the automobile in which the contraband was found; (3) whether the place where the contraband was found was enclosed; (4) whether conduct by the accused indicated a consciousness of guilt; and (5) whether the accused possessed weapons and/or a large amount of cash. *See Whitworth,* 808 S.W.2d at 569; *King v. State,* 710 S.W.2d 110, 113 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd), *cert. denied,* 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 59 (1987).

In the present case, appellant was the sole occupant and driver of the car in which over thirty-five pounds of marijuana plant material was found. The marijuana was stored in the trunk in two carefully-wrapped packages. Each marijuana plant was placed in a burlap sack, each burlap sack was wrapped in a plastic bag, and each package was then placed in yet another plastic bag.

Additionally, prior to the arrival of the police, appellant assaulted Weeraman, an innocent bystander, by pointing a gun at him when Weeraman approached appellant in the parking lot. When the police arrived a short time later, appellant assaulted Officer Barrera by pointing a gun at him before eventually surrendering. Furthermore, after appellant finally surrendered and was arrested by Officer Barrera, a search of appellant revealed additional ammunition for the gun, as well as several pocket knives. Thus, all the factors discussed above were present in this case.

In circumstantial evidence cases it is not necessary that every fact and circumstance point directly and independently to the accused's guilt. *Russell v. State,* 665 S.W.2d 771, 776 (Tex.Crim.App.1983), *cert. denied,* 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984). "It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Id.* Additionally, every case must be reviewed on its own facts and circumstances to determine if the evidence is sufficient. *Id.* at 775.

In the present case appellant's *control* over the contraband could be established from the fact he was the driver and sole occupant of the vehicle in which the contraband was discovered. His *knowledge* that the contraband was in the trunk could also be established by his sole occupancy of the vehicle taken together with his actions surrounding his arrest. And his *knowledge* of the forbidden nature of the contraband could be inferred from the careful packaging and hiding of the material in the trunk of the car. Thus, having viewed the evidence of the present case in the light most favorable to the verdict, as we must do, we find that a rational trier of fact could have found the essential elements of the offense of possession beyond a reason-

able doubt. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.