Haynes, DO v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-171-CR

     DENNIS ORLANDA HAYNES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 25,251-CR
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Dennis Haynes guilty of possessing more than 400 grams of a controlled
substance, cocaine, and assessed punishment of thirty years' imprisonment. See Tex. Health &
Safety Code Ann. §§ 481.102(3)(D), 481.115(c) (Vernon 1992). Haynes brings two points of
error claiming that the evidence is insufficient and that the court erroneously allowed the arresting
officer to relate his wife's statements over his hearsay objection. We will affirm his conviction.
      In point one, Haynes claims that the evidence is insufficient to support his conviction. In
resolving the sufficiency-of-the-evidence issue, we view the evidence in the light most favorable
to the prosecution and determine whether any rational trier of fact could have found the essential
elements of the offense charged beyond a reasonable doubt. See Humason v. State, 728 S.W.2d
363, 366 (Tex. Crim. App. 1987); Collins v. State, No. 10-94-119-CR, slip op. at 5 (Tex.
App.—Waco, December 14, 1994, pet. filed). Reconciliation of conflicts and contradictions in
the evidence is for the jury. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Losada v.
State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). The jury may believe some witnesses and
refuse to believe others, or accept portions of a witness' testimony and reject other portions. 
Losada, 721 S.W.2d at 309.
      To obtain a conviction for possession of a controlled substance, the State had the burden of
proving that (1) Haynes exercised care, custody, control or management over (2) what he knew
to be contraband. See Martin v. State, 753 S.W.2d. 384, 387 (Tex. Crim. App. 1988). However,
mere presence at the scene is not sufficient to establish possession of a controlled substance. 
McGoldrick v. State, 682 S.W.2d 573, 579 (Tex. Crim. App. 1985). Thus, when the accused is
not in exclusive control of the place where the contraband is discovered, the state must show
additional facts which "affirmatively link" him to the drugs. Herndon v. State, 787 S.W.2d 408,
409-10 (Tex. Crim. App. 1990). The continued vitality of the affirmative-links analysis is open
to question in some courts of appeals. See Brown v. State, 878 S.W.2d 695, 699 (Tex.
App.—Fort Worth 1994, pet. granted); Eaglin v. State, 872 S.W.2d 332, 336-37 (Tex.
App.—Beaumont 1994, no pet.). However, we continue to use the analysis as a convenient and
logically sound method of applying the rational-trier-of-fact standard. See Collins, No. 10-94-119-CR, slip op. at 5; also Martinets v. State, 884 S.W.2d 185, 188 (Tex. App.—Austin 1994, no pet.
h.). 
      At the trial, the State showed that Department of Public Safety Trooper Michael Turner
stopped Haynes and his wife in a van travelling northbound on Interstate 45 because Haynes was
not wearing his seatbelt. Haynes and his wife stated that they had been in Houston visiting for
several days, although Haynes claimed to have been with his cousin while his wife stated that they
had been visiting friends. Because they gave different accounts of their activities and because he
could not see any luggage in the van indicating an extended trip, Turner became suspicious. After
Turner asked Haynes if he had drugs in his van, which Haynes denied, Turner requested
permission to search the van. Haynes consented to the search, but became "extremely nervous
and shaking and started perspiring extremely bad." 
      When Haynes opened the back door of the van Turner "detected a strong odor of a substance
that [he] believed to be cocaine." Turner found a locked briefcase, which he picked up and shook
to determine its contents. Because of the odor, weight and sound of the contents, Turner formed
the opinion that the briefcase contained a substantial amount of cocaine. Turner told Haynes that
he suspected that the briefcase contained cocaine and Haynes "blurted out and quickly stated that
the briefcase . . . belonged to his cousin, it was not his." Turner asked Haynes for the
combination to the lock. Haynes "started to say something, and then he didn't say anything at
all." Turner opined that Haynes "was going to give the combination to the briefcase." 
      Turner retrieved a screwdriver from his car and pried open the briefcase, discovering three
kilogram-sized packages. Laboratory tests showed that the three packages weighed approximately
3000 grams and contained approximately 2000 grams of pure cocaine.
      Using a traditional affirmative-links analysis, we find the State showed several factors that
have been considered "affirmative links:" (1) behavior indicating a consciousness of guilt—Haynes
was "extremely nervous," he and his wife gave conflicting statements about relevant matters, and
his outburst and then truncated statement upon Turner's inspection of the briefcase; (2) he was the
driver of the van; and (3) according to the testimony at trial, which we must accept, a strong odor
of cocaine was present in the van. See Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.—Houston [1st Dist.] 1994, no pet.); Villarreal v. State, 865 S.W.2d 501, 503-04 (Tex.
App.—Corpus Christi 1993, pet. ref'd). Additionally, other evidence, although not affirmative
links in the traditional sense, supports a finding by a rational trier of fact that Haynes possessed
the cocaine: there was no luggage in the van to indicate that Haynes had been on an extended trip,
contrary to Haynes' statements; such a large amount of cocaine is extremely valuable, estimated
by Turner to be worth between $1.5 million and $3 million, making it unlikely that an owner
would misplace it or entrust it to another without obtaining the other's agreement; and Haynes'
wife, the only other occupant of the van, was not nervous "at all" during the stop. See Hurtado
v. State, 881 S.W.2d 738, 743 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Thus, we
conclude that a rational trier of fact could have found beyond a reasonable doubt that Haynes
exercised care, custody, control, or management over the cocaine, knowing it to be drugs. See
Collins, No. 10-94-119-CR, slip op. at 5. Point one is overruled.
      In point two, Haynes complains that the court allowed Turner to relate his wife's statements
at the scene over his hearsay objections. Hearsay is a statement, other than one made while
testifying, offered to prove the truth of the matter asserted. Tex. R. Crim. Evid. 801(d). Trooper
Turner testified that Haynes' wife stated that they had been in Houston visiting friends and that
they did not have any relatives in Houston. These statements directly contradicted Haynes'
statements regarding their journey. The State offered the evidence to show that she and Haynes
gave conflicting statements, not to prove where or whom they had visited. Thus, the testimony
by Turner was not hearsay, and the court did not err in overruling Haynes' objection. See id. 
Point two is overruled.
      The judgment is affirmed.
 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 5, 1995
Do not publish