# NO. 12-18-00040-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAYMOND SOLIZ,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Raymond Soliz appeals his conviction for manufacture or delivery of a controlled substance. In one issue, he argues that the evidence is insufficient to support his conviction. We affirm.

## BACKGROUND

On October 20, 2016, Appellant was alone and driving a vehicle on Loop 256 in Anderson County, Texas. Law enforcement stopped Appellant for having expired buyer's tags and later arrested him for driving while license suspended. During a routine vehicle inventory, law enforcement located approximately forty grams of methamphetamine. The State charged Appellant by indictment with the offense of manufacture or delivery of a controlled substance in penalty group one in an amount of four to two hundred grams, by possessing the methamphetamine with an intent to deliver. He pleaded "not guilty" and the case proceeded to a jury trial.

At trial, Josh Palma, an Anderson County Sheriff's Deputy, testified that he attempted to stop Appellant because Appellant's vehicle had expired buyer's tags. After activating his lights and sirens, Palma followed Appellant for approximately one mile, passing several suitable stopping points, before Appellant stopped. Palma observed Appellant shifting around in the vehicle prior to pulling over.

Palma approached Appellant and asked for his driver's license and insurance. Palma noticed Appellant's hands visibly shaking as if he were nervous. Appellant did not have his driver's license or proof of insurance. Appellant told Palma that he recently purchased the vehicle, and produced the title. Palma noted that the title was not in Appellant's name, nor was the registration or vehicle identification number.

Dispatch advised Palma that Appellant's driver's license was suspended, and he placed Appellant under arrest. Palma's sergeant, Michael Skinner, arrived on scene and performed an inventory of the vehicle, which was an older model Oldsmobile Cutlass. Skinner found four clear plastic bags scattered on the passenger side floorboard. Inside the center console, Skinner found a collapsible baton and a pocket knife, which had a crystal like substance on the blade. Skinner noticed several holes in the dashboard of the vehicle. He then noticed a set of digital scales, covered in a crystal like substance, visibly protruding from the area on the dashboard where the built in ashtray should have been located. Skinner located a plastic bag containing pills, later determined to be a prescription muscle relaxant called Tizanidine Hydrochloride, wedged into the air vents on the driver's side of the vehicle. Skinner discovered approximately forty grams of methamphetamine in a plastic bag in a compartment hidden behind the vehicle's after market radio.

Skinner testified that forty grams of methamphetamine is a large amount, inconsistent with personal use. He testified that, in the narcotics industry, plastic bags are often used to portion out drugs for sale. He further testified that knives and digital scales are used to portion and weigh amounts of drugs to determine the amount and price for sale. Skinner stated that instruments used for cutting the drugs will often have crystal like substances present on them. Skinner told the jury that weapons, such as the baton he found in Appellant's console, are commonly used by drug dealers for protection. Skinner also testified that deputies at the jail disassembled Appellant's cell phone, and found a crystal like residue on the inside of the back part of the phone. Jailers also located approximately $540 in cash in Appellant's pants pocket. Skinner opined that $540 is an unusually large amount of cash for an individual to carry on his person.

At the conclusion of trial, the jury found Appellant "guilty" and sentenced him to imprisonment for seventy five years. This appeal followed.

In his sole issue, Appellant argues that the evidence is insufficient to support his conviction. Specifically, he argues that the evidence does not establish that he acted knowingly.

**Standard of Review and Applicable Law**

When determining if evidence is sufficient to sustain a conviction, the court must apply the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). This standard requires the court to determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks*, 323 S.W.3d at 899. In order to consider the evidence in the light most favorable to the verdict, we must defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When conflicting evidence is presented, we must resolve those conflicts in favor of the verdict and defer to the fact finder's resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We may not substitute our own judgment for that of the fact finder. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can be alone sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits the offense of manufacture or delivery of a controlled substance when he knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance in penalty group one. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). To establish possession the State must prove that the accused (1) exercised actual care, custody, control or management over the substance; and (2) was conscious of his connection with it and knew what it

was.  *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002 (38) (West 2017).  Evidence which links the accused to the contraband suffices for proof that he knowingly possessed the substance.  *Brown*, 911 S.W.2d at 747.  The evidence may be direct or circumstantial, but must establish the accused's connection with the substance was more than just fortuitous.  *Id.*  However, the evidence need not exclude every other outstanding reasonable hypothesis except the defendant's guilt.  *Id.*  There is no set formula of facts necessary to support an inference of knowing possession.  *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).  The focus is not on the number of facts linking the accused to the drugs, but on the logical force they have in establishing the offense.  *Evans*, 202 S.W.3d at 162.

Intent to deliver may be established by circumstantial evidence.  *Rhodes v. State*, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), *aff'd,* 945 S.W.2d 115 (Tex. Crim. App. 1997).  Intent to deliver may be inferred by the quantity of drugs possessed or the manner in which the drugs are packaged.  *Id.*  Other factors considered include the nature of the location where the defendant was arrested, the presence of drug paraphernalia for use or sale, the defendant's possession of a large amount of cash, and the defendant's status as a drug user.  *See Brown v. State*, 243 S.W.3d 141, 150 (Tex. App.—Eastland 2007, pet. ref'd).

**Analysis**

Appellant argues that his "mere presence" at the scene of the offense is insufficient to sustain his conviction.  In support of Appellant's argument, he points to a myriad of circumstances demonstrated by the trial evidence:

1. The methamphetamine was found in a hidden compartment behind the radio, and not in plain view, making it somewhat inaccessible.
2. No evidence was offered at trial as to whether Appellant had a prescription for the Tizanidine Hydrochloride.
3. Appellant made no incriminating statements.
4. Palma did not characterize Appellant's movements in the car prior to pulling over as "furtive in nature."
5. Appellant did not engage law enforcement in a high speed chase or flee the scene after he pulled over.
6. There was no odor of contraband emitting from the vehicle.
7. Law enforcement did not scientifically test the crystal like substance found on the knife, digital scales, and cell phone.
8. Appellant was not under the influence of drugs.
9. Appellant had recently purchased the vehicle.
10. Five hundred and forty dollars is not a "large amount of cash."

4

The knowledge element of the crime of possession of a controlled substance is subjective and usually must be inferred in the absence of an admission by the accused. *Grant v. State*, 989 S.W.2d 428, 433 (Tex. App.—Houston [14th Dist.] 1999, no pet.) Mere presence of a defendant in the vicinity of drugs will not establish knowing possession. *See Oaks v. State*, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982).

Here, the fact that Appellant was the sole occupant of the vehicle in which the drugs were found serves as evidence that he exercised control over that vehicle. *See Grant*, 989 S.W.2d at 433. Knowledge can be inferred from control over the vehicle in which contraband is concealed.[1] *Id.* (citing *United States v. Richardson*, 848 F.2d 509, 513 (5th Cir.1988)). However, when contraband is found in hidden compartments of a vehicle, reliance should not be placed solely on control of the vehicle to show knowledge, and we must look to other factors to decide if the evidence establishes knowledge. *See Grant*, 989 S.W.2d at 434.

In this case, in addition to Appellant being the driver, sole occupant, and admitted owner of the vehicle, several other factors support the jury's verdict. Appellant did not pull over when Palma first activated his lights and sirens, despite having several opportunities to do so. In addition, Palma noticed Appellant shifting around in the vehicle prior to pulling over and, during the stop, Appellant appeared nervous and was visibly shaking. The plastic bags and digital scales, items commonly used for the sale of drugs, were found in plain view in the vehicle. The knife, cell phone, and scales were covered in a crystal like substance, which, while not confirmed to be methamphetamine, appeared visually similar to the methamphetamine found behind the radio. While the methamphetamine was not in plain view, it was hidden in a compartment easily accessible to Appellant, as evidenced by Skinner's relative ease in retrieving the drugs by simply removing the after market radio from the dashboard. Finally, Appellant was found to be in possession of $540, a substantial amount of cash. These facts link Appellant to the methamphetamine found in the vehicle, and serve as circumstantial evidence of his intent to deliver. *See Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.—Tyler 2006, no pet.) (discussing

---

[1] In *Brown*, the Court of Criminal Appeals affirmed the Fort Worth Court of Appeals's holding that the evidence was sufficient where the marijuana was found in the trunk of the vehicle the defendant was driving. *See Brown v. State*, 878 S.W.2d 695 (Tex. App.—Fort Worth)*, aff'd* 911 S.W.2d 744. The Fort Worth Court held that control over the marijuana was established because the defendant was the driver and sole occupant of the vehicle containing the drug. His knowledge that the marijuana was in the trunk could be inferred from his sole occupancy of the vehicle and his display of a weapon just prior to his arrest. *See Brown,* 878 S.W.2d at 700. Further, the Court of Appeals held his knowledge of the illegal nature of the marijuana could be inferred from the careful packaging and hiding of the material in the trunk of the car. *Id.*

non-exclusive list of factors that may be considered when evaluating links); *see also **Rhoades***, 913 S.W.2d at 251; ***Brown***, 243 S.W.3d at 150.

Appellant's argument essentially urges us to hold that the evidence must exclude every reasonable hypothesis except his guilt, which the law does not require. *See **Brown***, 911 S.W.2d at 747. The isolated facts that Appellant points to were presented to the jury, and resolved in favor of his guilt. *See **Brooks***, 323 S.W.3d at 899; *see also **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789, 2793. The logical force of all of the evidence presented to the jury supports its verdict that Appellant knowingly possessed methamphetamine with intent to deliver. *See **Evans***, 202 S.W.3d at 162. Therefore, viewing all the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding Appellant's guilt beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Brooks***, 323 S.W.3d at 899. Because the evidence is sufficient to support Appellant's conviction, we overrule Appellant's sole issue.

## CONCLUSION

Having ***overruled*** Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-18-00040-CR**

**RAYMOND SOLIZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-17-33072)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*