Affirmed and Opinion filed March 16, 2004














Affirmed and Opinion filed June 1, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00570-CR

____________

 

VINCENT ROBINSON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 923,883

 



 

O P I N I O N

            Appellant, Vincent Robinson, was charged by indictment
with providing a controlled substance to an inmate of a correctional
facility.  See Tex. Pen. Code Ann.
§ 38.11(a) (Vernon
Supp. 2004).  The indictment contained
two enhancement paragraphs alleging prior convictions for burglary of a
habitation and possession of a controlled substance.  Upon appellant’s plea of not guilty, trial
was to a jury that subsequently found appellant guilty as charged.  Thereafter, appellant entered a plea of
“true” to the enhancement paragraphs, and the trial court assessed appellant’s
punishment at confinement in the state penitentiary for a term of twenty-five
years.  On appeal, appellant contends (1)
the evidence was legally and factually insufficient to support his conviction
and (2) the state’s attorney engaged in improper jury argument.  We affirm.

            Appellant was, at the time of this offense, an inmate in
the Harris County Jail.  As a trustee,
appellant was assigned to clean the floors. 
On September 10, 2002, Deputy Stephen Arjelger, observed appellant walk
down a corridor.  Because Deputy Arjelger
was behind appellant, appellant was not aware of the deputy’s presence.  Deputy Arjelger saw appellant enter the
vestibule to cell block C (a place appellant was not authorized to be without a
deputy).  He then watched as appellant
reached through the cell bars and place an item inside the shirt pocket of
another inmate, Brett Rox.  Deputy
Arjelger immediately approached the cell and asked Rox what was in his
pocket.  Rox became defensive and
nervous; he responded, “There is nothing in there.  It’s Ibuprofen.  I have a headache.”  Deputy Arjelger confiscated two white pills
found in Rox’s pocket.  The pills were
labeled “3/93” on one side and “150” on the other side.  Deputy Arjelger took the pills to medical
professionals at the jail who identified the pills as Tylenol III with
codeine.  Neither appellant nor Rox had
been prescribed such medication.

            The contraband was subsequently analyzed by Charles
Gould, III, a chemist of the Harris County Medical Examiner’s Office.  Searching the Drug Enforcement Agency’s
database, Gould confirmed from the pills markings that they contained
codeine.  He also performed laboratory
tests that yielded positive results for codeine.  Codeine, of course, is a controlled substance
requiring a prescription.  Tex. Health & Safety Code Ann. §
481.032 (Vernon
Supp. 2004).

In his first point of error,
appellant challenges the legal sufficiency of the evidence.  When reviewing the legal sufficiency of the
evidence, we must view the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 2004).  In conducting this review, we do not engage
in a second evaluation of the weight and credibility of the evidence, but only
ensure that the jury reached a rational decision.  Muniz
v. State, 851 S.W.3d 238, 246 (Tex.
Crim. App. 1993).

A person commits the charged
offense by providing a controlled substance to an inmate of a correctional
facility without a prescription.  Tex. Pen. Code Ann. § 38.11(a) (Vernon Supp. 2004).  While appellant agrees there might be
sufficient evidence to show appellant’s knowledge that he was passing some sort
of contraband, he contends the State failed to prove that he knew the pills
contained codeine as alleged in the indictment. 
Specifically, the indictment states that appellant “intentionally and
knowingly provide[d] Codeine to Brett Rox, an inmate of a correctional
facility.”  Appellant contends the
evidence shows a complete absence of markings on the pills that would alert a
layman to the fact they contained cocaine.

Proof of scienter is always
subjective.  Grant v. State, 989 S.W.2d 428, 433 (Tex. App.―Houston [14th Dist.] 1999,
no pet.).  Without an admission of guilt
from the accused, knowledge must be inferred from the acts, words, or conduct
of the accused.  See Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); Grant, 989 S.W.2d at 433. 
Similarly, an accused’s knowledge of the presence of contraband can be
inferred by observing the accused’s actions. 
See Ethridge v. State, 795
S.W.2d 281, 285 (Tex.
App.―Houston [14th Dist.] 1990), pet.
dism’d, 812 S.W.2d 600 (Tex. Crim. App. 1990) (explaining that attempts to
conceal or destroy contraband is sufficient evidence of “guilty
knowledge”).  Appellant was observed
unaccompanied in cell block C in violation of jail rules.  Moreover, he partially concealed the pills in
his hand when dropping them in Rox’s shirt pocket.

Viewing the evidence in the light
most favorable to the verdict, we believe a rational jury was entitled to
conclude appellant knew he was passing a controlled substance to Rox.  Accordingly, the evidence is legally
sufficient, and the first point of error is overruled.

In his second point of error,
appellant challenges the factual sufficiency of the evidence.  When reviewing claims of factual
insufficiency, it is our duty to examine the jury’s weighing of the
evidence.  Clewis v. State, 922 S.W.2d 126, 133–134 (Tex. Crim. App. 1996).  There are two ways in which evidence can be
factually insufficient: (1) the evidence is so weak as to render the verdict
clearly wrong or manifestly unjust, or (2) the finding of a vital fact is so
contrary to the great weight and preponderance of the evidence as to be clearly
wrong.  Zuliani v. State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003).  Determining which standard applies depends
upon whether the complaining party had the burden of proof at trial.  Id.  If the complaining party did not have the
burden of proof, then the “manifestly unjust” standard applies.  Id.  On the other hand, if the complaining party
had the burden of proof, then the “against the great weight and preponderance”
standard applies.  Id.  Under the Texas Court of Criminal Appeals’
modified approach, if the defendant challenges the factual sufficiency of the
elements of the offense, even though the State had the burden of proof, we must
review the evidence using both standards. 
Id. 
Thus, when reviewing factual sufficiency challenges, we must determine
“whether a neutral review of all of the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.”  Johnson
v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).

Appellant presents several
arguments in shaping his factual insufficiency argument.  First, appellant challenges Deputy Arjelger’s
credibility.  Specifically, appellant
questions Arjelger’s ability to see a transfer of contraband from appellant’s
hand to Rox’s pocket because Arjelger was standing behind appellant.  Second, appellant asserts there is
insufficient evidence to show that he
put the pills in Rox’s pocket because the incident occurred on a floor where
prescription drugs are routinely dispensed to inmates.  Third, appellant complains that it is unfair
to characterize the pills as Tylenol III when the physical description of the
pills in the record does not match the description given in the Physician’s
Desk Reference.

The jury is the sole judge of the
facts, the credibility of the witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex.
Crim. App. 2000); Beckham v. State,
29 S.W.3d 148, 152 (Tex.
App.―Houston [14th Dist.] 2000, pet. ref’d).  Therefore, the jury may believe or disbelieve
all or part of any witness’s testimony.  Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App.
1998).  Reconciliation of any conflicts
in the evidence falls within the exclusive province of the jury.  Heiselbetz
v. State, 906 S.W.2d 500, 504 (Tex.
Crim. App. 1995).  Appellant attempts to
attack the credibility of Deputy Arjelger, but it is not the province of this
court to make credibility determinations from the cold record.  Deputy Arjelger testified that he observed
appellant put something into Rox’s pocket. 
The only items found in a search of Rox’s pocket were the Tylenol III
tablets, and subsequent analysis demonstrated these pills contained
codeine.  Moreover, “knowledge” may be
demonstrated through direct or circumstantial evidence.  See
Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995).  The jury apparently
believed the testimony of the state’s witnesses, and we do not find the proof
of guilt so obviously weak as to undermine our confidence in the jury’s
verdict.  Neither do we find the proof of
guilt is greatly outweighed by contrary proof. 
Accordingly, appellant’s second point of error is overruled.

In his final point of error, appellant asserts the
prosecution engaged in improper jury argument. 
During his closing argument at the guilt/innocence phase of the trial,
the State’s attorney argued:

Don’t leave your common
sense at the door.  It is up to you guys
to evaluate this conduct and say by your vote of guilty what he was doing.  You don’t have to be a chemist.  He was putting a narcotic in the pockets of
an inmate in the jail.  And by that, he
was putting a deputy’s life on the line. 
I’m asking you―it’s your county. 
Do what is right.  Tell the
deputies, other jailers that you value what they do for us in keeping us safe
and you value their lives.  Please return
a verdict of guilty.

Although
appellant made no objection to this argument at trial, he contends on appeal
that the argument was so prejudicial it warrants reversal.  However, appellant was required to object and
pursue his objection to an adverse ruling. 
Cockrell v. State, 933 S.W.2d
73, 89 (Tex.
Crim. App. 1996).  Without a proper
objection, any error is waived.  Id.

            Accordingly, appellant’s final point
of error is overruled, and the judgment of the trial court is affirmed.

 

 

                                                                                    

                                                                        /s/        J. Harvey Hudson

                                                                                    Justice

 

 

Judgment rendered and
Opinion filed June 1, 2004.

Panel consists of Justices
Yates, Anderson, and Hudson.

Do Not Publish — Tex. R. App. P. 47.2(b).