Timothy FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–00372–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 8, 1996.

Roy E. Greewood, Austin, for appellant.

Philip L. Hall, Huntsville, for appellee.

Before MURPHY, C.J., and HUDSON
and ANDERSON, JJ.

## OPINION ON REMAND

MURPHY, Chief Justice.

Appellant, Timothy Franklin, was convicted of capital murder and sentenced to confinement for life in the Institutional Division of the Texas Department of Criminal Justice. This court affirmed. *Franklin v. State*, No. 14–94–00372–CR, 1995 WL 680880 (Tex. App.—Houston [14th Dist.], November 16, 1995, pet. granted) (not designated for publication). After granting appellant's petition for discretionary review, the Court of Criminal Appeals reversed and remanded the case to this court to address appellant's fourth point of error, which challenged the factual sufficiency of the evidence, in accord with their opinion in *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). *Franklin v. State*, No. 30–96 (Tex.Crim.App. June 5, 1996). We affirm.

Appellant believed that Jerry Don Spivey, one of the complainants, had implicated him in the drive-by shooting of Tony Hill, a man with whom appellant had engaged in previous altercations. On January 8, 1993, appellant, accompanied by his friend Dexter Horton, allegedly shot Spivey for "snitching" on him in the Hill shooting. Appellant also shot the other complainant, Birch Williams, who was present in the car when appellant allegedly shot Spivey.

In appellant's fourth point of error, he contends the evidence was factually insufficient to sustain his conviction. Specifically, appellant maintains that because (1) Horton was an accomplice witness as a matter of law; and (2) the trial court failed to instruct the jury on the law of parties, there was insufficient evidence to show that appellant killed *both* Spivey and Williams. When reviewing the factual sufficiency of the evidence, the appellate court views all the evidence without the prism of "in the light most favorable to the verdict" and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129. In conducting a factual sufficiency review, the appellate court reviews the fact finder's weighing of the evidence and is authorized to disagree with the fact finder's determination. *Id.* at 133. This review, however, must be appropriately deferential so as to avoid an appellate court's substituting its judgment for that of the jury. *Id.*

Appellant did not testify at trial, and the only witness called by the defense was Roy Greenwood, one of appellant's attorneys. Greenwood's testimony had no bearing on whether appellant committed the killings, but rather, addressed Horton's agreement to testify for the State. Thus, appellant essentially maintains that the State's evidence, standing alone, was factually insufficient to show that appellant shot *both* Spivey and Williams. We disagree.

During trial, the State relied heavily upon the testimony of Dexter Horton, the only eyewitness to the shootings. Appellant contends the evidence was factually insufficient, in part, because Horton's testimony was not adequately corroborated. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1981). Article 38.14 provides that a conviction cannot be based upon the testimony of an accomplice, unless that testimony is corroborated by other evidence tending to connect the appellant with the charged offense. When evaluating corroborative evidence, a reviewing court must eliminate from consideration the testimony of the accomplice witness and determine if there is other evidence which tends to connect the defendant with

the crime. *Cockrum v. State*, 758 S.W.2d 577, 581 (Tex.Crim.App.1988), *cert. denied*, 489 U.S. 1072, 109 S.Ct. 1358, 103 L.Ed.2d 825 (1989). The corroborating evidence need not directly link the defendant with the crime or be sufficient itself to establish guilt. *Richardson v. State*, 700 S.W.2d 591, 594 (Tex.Crim.App.1985).

In the present case, Horton's testimony and written statements to police, which were admitted during trial, established a complete case against appellant. Horton stated that appellant shot Spivey in the head while he and appellant were sitting in the backseat of Spivey's car. Horton further testified that Birch Williams, who was sitting in the front seat when appellant shot Spivey, attempted to escape, but was then shot by appellant. Standing alone, however, this evidence was insufficient to sustain a conviction under article 38.14 because Horton was an accomplice. Thus, to corroborate Horton's testimony, the State relied heavily upon the testimony of Quinton Houston and Latanya Blanks.

Houston, appellant's cousin, testified that when he asked appellant about his involvement in *both* murders, appellant responded that Spivey had "signed some papers on [him]" and that Horton "ain't got nothing to do with [the murders]." Appellant contends this testimony was insufficient to connect him to either murder because it was vague and indefinite. However, we find the jury could have reasonably inferred from Houston's testimony that (1) appellant shot Spivey because he allegedly told the police about the Hill shooting; and (2) appellant killed Williams to prevent him from informing the police about the Spivey murder. *See Miller v. State*, 909 S.W.2d 586, 593 (Tex.App.—Austin 1995, no pet.) (stating that the jury may draw reasonable inferences and make reasonable deductions from the evidence).

Moreover, Latanya Blanks, Dexter Horton's former girlfriend, testified that one or two weeks before the murders, appellant told her that he was angry with Spivey for talking to the police about the Hill shooting and that he was "going to get [Spivey]." Blanks further stated that following the murders, appellant told her that he, alone, shot *both*

Spivey and Williams. Appellant, however, contends that Blank's testimony lacks credibility because she (1) had a romantic relationship with Horton, appellant's accomplice; (2) lied to police officers; and (3) allegedly admitted to have participated in the destruction of evidence. Nonetheless, Blank's testimony is other evidence which tends to connect appellant with the commission of the offense. *See Cockrum,* 758 S.W.2d at 581. Although we are authorized, under *Clewis,* to disagree with the fact finder's determination, we will defer to the jury's apparent determination that Blank's testimony was credible.

The State also presented evidence that appellant's .380 Davis handgun was found near the crime scene and that this gun fired the bullets which killed Spivey. Although the evidence was inconclusive about whether the bullet fragments recovered from Williams' body came from appellant's gun, the verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Thus, we find that the testimony of Houston and Blanks, the location of appellant's gun, and the fact that appellant's gun fired the bullets which killed Spivey, sufficiently corroborated Horton's testimony that appellant killed both Spivey and Williams. Appellant's fourth point is overruled.