Karl Andrew GRANT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–97–0227–CR, 14–97–0228–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1999.

Stanley G. Schneider, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Panel consists of Justices YATES, ANDERSON and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Karl Andrew Grant, appeals two convictions of possession of marijuana. Appellant pleaded guilty to the first charge of possession. The trial court assessed his punishment at ten years confinement, probated. Subsequently, the State filed a motion to revoke his probation based on appellant's arrest for possession of marijuana. After finding the allegations in the motion to revoke true, the trial court revoked appellant's probation and sentenced him to ten years confinement in the Texas Department of Criminal Justice, Institutional Division. Further, the trial court found him guilty of the second charge of possession and assessed his punishment at one year confinement in

the Harris County Jail. Appellant brings five points of error on appeal. In points of error one, two, and three, appellant claims the trial court erred in failing to comply with Code of Criminal Procedure article 26.13, thus rendering his guilty plea in his first conviction involuntary. In points of error four and five, appellant asserts the evidence is legally and factually insufficient to sustain his second conviction. We affirm.

## I. Background

Deputy Mark Miller pulled appellant over for speeding. When he ran a check on appellant's driver's license, he discovered that it was suspended. He arrested appellant for driving with a suspended license. After placing appellant in the patrol car, Miller conducted an inventory search of the car. Appellant directed Miller to the glove box of the car where there was $1,560 in cash. Miller continued his inventory of the car. When he opened the back door, he observed a white plastic bag with a knot tied in it on the floorboard behind the driver's seat. Miller testified it was partially under the seat. Inside the white bag was a black bag which contained marijuana. Miller stated he did not know it was marijuana until it was two feet from his face. Appellant told Miller that the car, the money and the marijuana were not his.

Appellant testified the car belonged to his employer, Babatunde Adegbenro. He had been driving it for a couple of days. Appellant's job included delivering cars, purchased by Adegbenro at insurance auctions, to repair shops in preparation for resale. Appellant drove the cars to the various repair shops where he left·them while the repairs were completed. He stated that when he was stopped, he was on his way to buy a part, which is why he had the cash in the glove compartment. He also testified that others had access to the car while it was in the shop. He testified that he never got in the backseat, he could not smell marijuana, and he did not know there was marijuana in the car.

## II. Admonishments

In his first three points of error, appellant asserts the trial court erred by failing to comply with Texas Code of Criminal Procedure article 26.13. The trial court did not admonish appellant that his driver's license was subject to suspension upon a conviction of a drug offense. See TEX. TRANSP. CODE ANN. § 521.372(a)(1) (Vernon 1999). Appellant asserts this omission violates article 26.13(a)(1), which states that "[p]rior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of: (1) the range of the *punishment* attached to the offense;...." See TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989)(emphasis added). In his argument, appellant makes the incorrect assumption that the revocation of a driver's license constitutes punishment; however, the Court of Criminal Appeals has held the contrary to be true. *See Tharp v. State,* 935 S.W.2d 157, 161 (Tex.Crim.App.1996).

*Tharp* involved the civil revocation of a driver's license prior to prosecution for driving while intoxicated. When the information was filed charging Tharp with the misdemeanor offense of driving while intoxicated, Tharp filed a pre-trial application for Writ of Habeas Corpus asserting double jeopardy barred prosecution for the DWI charge. The County Court denied relief, and the Second Court of Appeals affirmed the judgment. The Texas Court of Criminal Appeals granted Tharp's petition for review to determine the issue of whether the driver's license suspension constituted "punishment" for double jeopardy purposes under the Fifth Amendment. The court affirmed the court of appeals' judgment based on the following analysis:

> The primary purpose of the administrative license suspension statute is not to deter the licensee or to seek retribution, but is to protect the public from the carnage on the public roads of Texas caused by drunk drivers. This primary purpose is clearly remedial, although it also has a secondary deterrent effect on motorists who realize that an arrest for driving while intoxicated may well result in suspension of their licenses.

\* \* \* \* \* \*

We ... hold that the administrative suspension of appellant's license ... does not

constitute punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment.

*Id.* at 159, 161. We perceive no basis for defining the remedial measure of driver's license suspension as punishment here merely because it involves article 26.13 of the Texas Code of Criminal Procedure and not the Fifth Amendment. Further, as the Third Court of Appeals explained in *Ex parte Arnold,* 916 S.W.2d 640, 642 (Tex.App.—Austin 1996, pet. ref'd):

> The nature of the interest and the rights that a licensee has in a driver's license has been addressed by Texas courts for almost half a century. A driver's license is not a right, but a privilege. Driving is not a constitutionally protected right, but a privilege. A license to drive an automobile on the streets is ... a privilege subject to reasonable regulations formulated under the police power in the interest of the welfare and safety of the general public.... The revocation of a driver's license is not intended as punishment but is designed solely for the protection of the public in the use of the highways. In *Texas Dept. of Pub. Safety v. Richardson,* 384 S.W.2d 128 (Tex.1964), the court stated that it was not concerned with criminal penalties because a driver's license is not suspended as additional punishment; rather it comes with an administrative and regulatory power vested in the Department of Public Safety for the purpose of protecting the lives and property of those using the highway.

(citations omitted). Thus, the suspension of a driver's license is not punishment.[1] Because the trial court gave appellant all admonishments required by article 26.13,we hold his plea was voluntary. Points of error one, two, and three are overruled.[2]

---

1. During oral argument, counsel for appellant admitted there was no authority supporting his argument that suspension of a driver's license pursuant to the Texas Transportation Code constitutes punishment.

2. Further, appellant has failed to show harm. Appellant admitted that even if he had been

## III. EVIDENCE

### A. Legal Sufficiency

In point of error four, appellant contends the evidence is legally insufficient to support his conviction for possession of marijuana because there is no evidence appellant had direct control over the marijuana and there is no evidence he had knowledge that the substance was contraband. In a legal sufficiency review, an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126, 132 (Tex.Crim.App.1996); *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim. App.1993). This standard of review is also applicable to bench trials. *See Diaz v. State,* 902 S.W.2d 149 (Tex.App.—Houston [1st Dist.] 1995, no pet.). The appellate court does not reevaluate the weight and credibility of the evidence, but acts only to ensure the factfinder reached a rational decision. *See Muniz v. State,* 851 S.W.2d 238, 246 (Tex. Crim.App.1993). The judge, as the trier of fact, is the sole judge of the credibility of the witnesses. *See Soto v. State,* 864 S.W.2d 687, 691 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

Because the question of whether the evidence satisfies the *Jackson* test is a question of law, a *Jackson* review, viewing the evidence in the light most favorable to the prosecution, is an analytical tool used to determine whether a fact issue exists. *See Clewis,* 922 S.W.2d at 132–33. The *Jackson* standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See id.* Under this standard, a reviewing court, faced with a

---

advised that his driver's license would be suspended, he would still have pleaded guilty. It is the appellant's burden to show he was not aware of the consequences of his plea and that he was misled or harmed by the court's admonishment. *See* Tex.Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989).

record of facts supporting conflicting inferences, must presume that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *See Jackson,* 443 U.S. at 326, 99 S.Ct. 2781.

■ Where an accused is charged with unlawful possession of a controlled substance, the State must prove first that the defendant exercised actual care, custody, control, or management[3] over the contraband, and second, that he knew the matter possessed to be contraband. *See McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985); *see also Campbell v. State,* 822 S.W.2d 776, 777 (Tex.App.—Houston [14 th dist.] 1992, pet. ref'd). The knowledge element of the crime of possession, being subjective, must always be inferred to some extent, in the absence of an admission by the accused. *See McGoldrick,* 682 S.W.2d at 578. To prove knowing possession, the State must present evidence that affirmatively links the defendant to the controlled substance. *See Palmer v. State,* 857 S.W.2d 898, 900 (Tex.App.—Houston [1 st Dist.] 1993, no pet.). This evidence may be direct or circumstantial. *See Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). The link between the defendant and the drugs need not be so strong that it excludes every other outstanding reasonable hypothesis except the defendant's guilt. *Id.* at 748.

■ While affirmative links may be proved by circumstantial evidence, proof amounting to a strong suspicion or even a probability will not suffice. *See Dubry v. State,* 582 S.W.2d 841, 844 (Tex.Crim.App. [Panel Op.] 1979). Affirmative links may be established by facts and circumstances that indicate the accused's knowledge of and control over the contraband, including the fact that the contraband was in open or plain view, and that it was in close proximity to the accused. *See Brazier v. State,* 748 S.W.2d

505, 508 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

Appellant contends the evidence is legally insufficient to prove both that he exercised care, control or management over the contraband, and that he knowingly possessed the marijuana. The evidence before the trial court reflects that appellant had the only set of keys to the car, he was the driving the car and had been driving it for several days, he was the sole occupant of the car in which the marijuana was found, and the marihuana was located under the driver's seat. The marijuana, weighing approximately ten ounces, was in a plastic bag within another plastic bag tied with a knot, and this container was, as described in the testimony of the arresting officer, located under the driver's seat, but partially protruding rearward from that location. The officer testified he could see the bag "sticking out from under the driver's seat,"and that the bag was in plain view the minute he opened the back door. The officer also testified he could detect the odor of marijuana immediately after he retrieved the bag from its location under the seat and brought it closer to his face.

■ The fact that the defendant is the sole occupant of the vehicle in which the drugs are found serves as evidence that he exercised control over that vehicle. *See Menchaca v. State,* 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd). Because appellant was the driver and sole occupant of the vehicle, the first element of the offense of possession is satisfied.

■ The second element, knowledge of the presence of contraband, may be inferred from control over the vehicle in which the contraband is concealed. *Id. (citing United States v. Richardson,* 848 F.2d 509, 513 (5 th Cir.1988)). Such an inference has been allowed against the driver of a vehicle where the contraband was in the trunk of the vehicle.[4] *See Richardson,* 848 F.2d at 512,

---

3. In some cases, "possession" had been defined as care, custody, control *and* management. *See Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim. App.1988). However, Section 481.002(38) of the Texas Health and Safety Code defines "possession" to mean "actual care, custody, control, *or*

management." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 1992) (emphasis added).

4. Indeed, in *Brown,* the Court of Criminal Appeals affirmed an opinion by the Fort Worth Court of Appeals holding the evidence legally sufficient where the marijuana was found in the

513. However, when the contraband is found in hidden compartments of a vehicle, reliance should not be placed solely on control of the vehicle to show knowledge. *See Menchaca*, 901 S.W.2d at 652 (holding that court must look to factors in addition to control of vehicle to establish element of knowledge where contraband was located in a cylindrical object attached to the inside of the front fender).

■ Appellant testified he did not know the marijuana was in the car at the time he was stopped for speeding. Although the question is arguably close, we hold the evidence in the record of this case is legally sufficient for a rational finder of fact to conclude, to the requisite level of confidence, that appellant's connection with the marijuana was more than just fortuitous. *See Brown*, 911 S.W.2d at 747. Here, the State's circumstantial evidence of appellant's knowledge of the presence of the drugs consists of the following: appellant was the sole occupant and driver of the car; appellant had been driving the car for a couple of days as part of his job; the marijuana was under the driver's seat, and thus close to appellant; appellant had the only set of keys to the car; the closed bag containing the marijuana could be readily seen by anyone opening the rear passenger door and looking inside the car; the marijuana was wrapped securely enough that its odor did not spread throughout the car; and the drugs were not in a

secret compartment of the car. This evidence affirmatively linking appellant to the marijuana in the car he was driving is not so strong that it excludes every other outstanding reasonable hypothesis except appellant's guilt, but the evidentiary threshold needed to establish affirmative links is no longer at that level.[5] *See Brown*, 911 S.W.2d at 748. Thus, the suggestion in this case that the contraband could have been placed in the vehicle while it was in a repair shop need not be excluded by the affirmative link evidence introduced here.[6] Moreover, we agree with the State's argument that it is not a reasonable inference that another person placed a large and valuable amount of marijuana in appellant's car. Such an alternative explanation for the presence of the marijuana is incredible. *See United States v. Resio–Trejo*, 45 F.3rd 907, 913 (5 th Cir.1995) (finding alternative explanation for presence of drugs in hidden compartment inside gas tank that third party inserted drugs and returned vehicle to defendant too incredible to rebut evidence supporting inference of defendant's knowledge of the presence of the marijuana).

■ The evidence linking appellant to the marijuana is circumstantial. However, in circumstantial evidence cases it is not necessary that every fact and circumstance point directly and independently to the guilt of the accused. *See Russell v. State*, 665 S.W.2d

---

trunk of the car the defendant was driving. *See Brown v. State*, 878 S.W.2d 695 (Tex.App.—Fort Worth), *aff'd* 911 S.W.2d 744 (Tex.Crim.App. 1995). The Second Court of Appeals held that *control* over the contraband could be established by the fact that he was the driver and sole occupant of the car containing the drug. His knowledge that the contraband was in the trunk could be inferred from his sole occupancy of the vehicle and his display of a weapon just prior to his arrest. *See* 878 S.W.2d at 700. Finally, the Court of Appeals held his *knowledge* of the forbidden nature of the contraband could be inferred from the careful packaging and hiding of the material in the trunk of the car. *Id.*

5. The court's abandonment of the alternative reasonable hypothesis methodology also resulted in the court holding that *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987), and other cases employing that analysis,are no longer authoritative. *See Brown*, 911 S.W.2d at 748. In that 1987 case, Humason was the sole occupant and driver of a pickup truck when he was

stopped for speeding and then arrested for driving with a suspended license. *See Humason*, 728 S.W.2d at 364. When the officer searched the vehicle, he found an open gym bag on the seat next to where Humason had been sitting, and the bag contained several items including a vial of cocaine. *Id.* The Court of Appeals acquitted Humason and the Court of Criminal Appeals affirmed because the evidence linking Humason to the cocaine was not sufficient because it did not exclude all other outstanding reasonable hypotheses. *Id.* at 367. The Texas Court of Criminal Appeals in *Brown* also noted the dissent of Judge W.C. Davis to the *Humason* majority and wrote that Judge Davis "convincingly demonstrated that the evidence against Humason was easily strong enough to affirmatively link him with the cocaine under many of our earlier opinions." *See Brown*, 911 S.W.2d at 748.

6. The possibility that appellant's employer, Mr. Adegbenro, placed the drugs in the car was excluded by Mr. Adegbenro's testimony that the drugs did not belong to him.

771, 776 (Tex.Crim.App.1983). It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Id.* Additionally, every case must be reviewed on its own facts and circumstances to determine the sufficiency of the evidence. *Id.* at 775.

■ Under the *Jackson v. Virginia* standard of review for legal sufficiency of the evidence, the evidence is viewed in the light most favorable to the prosecution, and the critical inquiry is whether, so viewing the evidence, any rational trier of fact, could have found the essential elements of the offense beyond a reasonable doubt. *See* 443 U.S. at 319, 99 S.Ct. 2781. This inquiry, however, does not require a court to ask itself whether *it* believes the evidence establishes guilt beyond a reasonable doubt. *See id.* (emphasis in original).

Thus, viewing the evidence in this case in the light most favorable to the prosecution, we hold a rational trier of fact could have found the essential elements of the offense of possession of marijuana. Accordingly, we overrule point of error four.

### B. Factual Sufficiency

■ In point of error five, appellant contends the evidence is factually insufficient to support his conviction of possession of marijuana. When reviewing a factual sufficiency claim, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis,* 922 S.W.2d at 129; *Franklin v. State,* 928 S.W.2d 707, 708 (Tex. App.-Houston [14th Dist.] 1996, no pet.). The factual sufficiency review begins with the assumption that the evidence is legally sufficient under the *Jackson* test. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex. Crim.App.1997). The appellate court then considers all of the evidence in the record relating to the sufficiency challenge, not just the evidence supporting the verdict. *Id.* The court is authorized to disagree with the judge's determination but must be appropriately deferential so as to avoid substituting its judgment for that of the trial court. *See*

*Clewis,* 922 S.W.2d at 133; *Franklin,* 928 S.W.2d at 708. The court's review should not substantially intrude upon the factfinder's role as the sole judge of the weight and credibility of witness testimony. *See Santellan,* 939 S.W.2d at 164. The court maintains this deference to the jury's findings by finding fault only when the verdict is against the great weight of the evidence presented at trial so as to be clearly wrong and unjust. *Id.*

■ Appellant testified he did not know the marijuana was in the vehicle. The State had earlier introduced the testimony of the arresting officer. The judge, as factfinder in this case, was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App. 1984). After reviewing the entire record, we cannot point to evidence in this record which greatly outweighs the evidence supporting the trial court's judgment. *See Clewis,* 922 S.W.2d at 135 (*quoting Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986)). Appellate courts, in conducting a factual sufficiency review, should only exercise their fact jurisdiction to prevent a manifestly unjust result. *See id.* Because the judgment in this case is not so against the overwhelming weight of the evidence as to be clearly wrong and unjust, we hold the evidence was factually sufficient to support the judgment below. We overrule point of error five.

The judgment of the trial court is affirmed.