NUMBER 13-00-092-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ANDREW GEORGE ROBINSON
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 103rd District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey


 Andrew George Robinson appeals his conviction for possession of
marihuana. He contends that the evidence offered by the State is
legally and factually insufficient to show that he knowingly possessed
the marihuana.

 The State's evidence showed that appellant arrived at the
Harlingen bus station on a bus from McAllen. The luggage from the
bus was loaded onto a cart. Only three bags were on the cart. The
manager of the bus station and a border patrol agent saw appellant take
a duffel bag off of the cart and try to walk away with it. The manager
told him to put it back on the cart, which he did. A drug dog sniffed the
three bags on the cart and alerted to the bag which appellant had
picked up.

 The border patrol agent asked appellant if that was his bag, and
he denied it. Appellant also insisted, when confronted, that the agent
"did not" see him pick up the bag. The manager specifically
remembered telling appellant to put the bag back on the cart earlier. 
Appellant then contended that he mistakenly thought that the bag was
his. It was later determined that none of the other bags from the bus
belonged to appellant. Because the bag was locked the border patrol
agent forced it open and found thirty-four pounds of marihuana in the
bag.

 When reviewing the legal sufficiency of the evidence we apply the
test set forth in Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). 
When reviewing the factual sufficiency of the evidence we apply the
test set forth in Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). When an accused is charged with possession of a controlled
substance the State must prove the defendant exercised actual care,
custody, control, or management over the contraband and knew the
matter he possessed was contraband. Grant v. State, 989 S.W.2d 428,
433 (Tex. App.--Houston [14th Dist.] 1999, no pet.). To prove knowing
possession the State must present evidence that affirmatively links the
defendant to the controlled substance. Id.

 In this case two persons offered testimony which affirmatively
linked appellant to the marihuana in that they saw him pick up the bag
and walk away with it. The circumstantial evidence indicates that the
bag was appellant's in that no other bag belonged to him, yet he
impliedly admitted that he had a bag by saying that he mistook that bag
for his.

 We hold that any rational trier of fact could have found beyond a
reasonable doubt that appellant knowingly possessed the marihuana. 
We also hold that the judgment was not so contrary to the
overwhelming weight of the evidence that it was clearly wrong and
unjust. We overrule the issues.

 We AFFIRM the judgment. 


 

 J. BONNER DORSEY, Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 7th day of December, 2000.