Affirmed and Memorandum Opinion filed November 25, 2008








Affirmed and Memorandum Opinion filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00122-CR

_______________

 

HENRY CLAY AVINGTON, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 149th District Court

Brazoria County, Texas

Trial Court Cause No. 52,121 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Henry Clay Avington, Jr.,
challenges his conviction by a jury for possession of less than one gram of a
controlled substance in a drug-free zone.  The trial court assessed punishment
at confinement for 25 years after appellant pleaded true to two enhancement
paragraphs.  Appellant contends that the evidence was legally insufficient to
prove that he (1) possessed a controlled substance; and (2) was
affirmatively linked to a controlled substance.  We affirm.








Background

On the evening of April 17, 2006,
Officer Joseph King of the Clute Police Department was patrolling in an
unmarked patrol unit when a gray Nissan Altima nearly struck his vehicle as the
Altima was backing out of a driveway.  After nearly striking Officer King=s car, the Altima pulled back into
the driveway.  Officer King continued driving, momentarily losing sight of the
Altima, then stopped and parked approximately one-quarter mile from the
driveway.

After waiting in the driveway for
approximately 10 minutes, the Altima re-entered the roadway and drove past
Officer King=s car.  Officer King followed the Altima.  The Altima=s driver did not signal when making a
left turn at an intersection.  Officer King stopped the Altima near the
intersection of McKee Street and Lois for the traffic violations of backing
unsafely out of a driveway and failure to signal a turn at an intersection. 
The location where Officer King stopped the Altima was 462 feet from Clute
Intermediate School.

Officer King approached the Altima
and began speaking with appellant, who was the driver.  Officer King noticed
that a female was sitting in the car=s passenger seat.  Neither appellant
nor his passenger owned the Altima.  Officer King asked appellant to step out
of the car.  Once appellant stepped out of the car, Officer King observed Aseveral small white rock-like
substances believed to be crack cocaine@ on the driver=s seat cushion.  Officer King then
escorted appellant to the rear of the car and had another officer remove the
passenger.

After checking appellant for weapons,
Officer King asked for and received appellant=s consent to search the car.  Officer
King examined the substance in the driver=s seat more closely and arrested
appellant for possession of cocaine.  Officer King then began to inventory the
vehicle pursuant to standard Clute Police Department procedure.








During this inventory, Officer King
discovered that the driver=s door panel was not completely secured.  Officer King pulled
the door cover back; inside the door panel, he found a crack pipe, a towel, and
a clear plastic bag containing a white powder he suspected to be cocaine.  Officer
King collected the plastic bag as evidence and took it to the Brazoria County
Crime Lab for testing.  Tests revealed that the white powder was cocaine.

At trial, Officer King described
appellant as very nervous, talkative, and apologetic when he was stopped.  He
stated that this behavior was unusual for one who had been pulled-over for a
traffic violation.  Officer King also testified that he recognized appellant
when he drove past King=s parked patrol car, and that he knew appellant did not have
a valid driver=s license.  Officer King stated that this knowledge and the two traffic
violations committed in his presence gave him reasonable suspicion to stop
appellant.

Officer King=s unmarked patrol unit was not
equipped with video recording equipment, and he had no audio or video recording
equipment with him during this stop.  Moreover, Officer King did not take
photographs of any evidence.  Two other officers were at the scene and dealt
with the passenger.  Officer King stated that he could see the rock-like
substances clearly when appellant exited the vehicle in the light provided by
nearby streetlights, his flashlight, and the Altima=s interior light even though the stop
occurred after midnight.  Officer King testified that, based on years of
training and experience, his close inspection of the substance found in the
driver=s seat gave him reasonable suspicion
the substance was crack cocaine.

Finally, Officer King testified that
he and another officer destroyed the crack pipe found in the door panel of the
car pursuant to their exercise of discretionary authority prescribed by the
Clute Police Department.  

Appellant=s passenger testified that she was
with appellant during the April 17, 2006 traffic stop and was arrested for
possession of a crack pipe.  She also testified that the drugs in the car were
not hers, and that she did not place any drugs on appellant=s seat or in the driver=s door panel.  She admitted to prior
convictions for misdemeanor theft, and that the State instructed her to be
truthful in her testimony.  She admitted to having failed to complete probation
in the past.  Appellant=s passenger testified that the area where the stop occurred
was dark, and that she did not remember nearly backing into Officer King=s patrol unit.








The owner of the Altima testified
that she and appellant lived together for nearly two years, and that appellant
often borrowed the car.  She testified that she did not use cocaine or keep it
in her car, and that appellant was Apretty much@ the only person she allowed to
borrow her car.  She also testified that the console and driver=s door panels were loose when she
took possession of her car from the police, and that she did not recall them
being loose beforehand.

The director of the Brazoria County
Crime Lab testified about the tests performed on the substance he received from
Officer King.  The director opined that the substance was cocaine, but he did
not determine whether it was crack cocaine or powder cocaine.  The director
testified that the substance he tested was contained in a clear plastic bag,
and that it was the only substance he received for testing.  The substance
tested by the crime lab _ consisting only of the white powder found in the door panel _ was admitted into evidence without
objection.  Appellant offered no witnesses or exhibits in his defense.

No testimony was given regarding why
the small rock-like substances found in the driver=s seat were not logged into evidence
by police or given to the crime lab for testing.  The record indicates that
Officer King was prepared to testify that he tested these rocks at the scene
using field tests and determined them to be cocaine.  The record also indicates
that the State chose not to elicit any testimony about this field testing _ including whether such testing left
useable quantities of these rocks for testing by the crime lab _ because of a motion in limine filed
by appellant regarding testimony about field testing.

The jury found appellant guilty of
possession of a controlled substance in a drug-free zone.  Appellant pleaded
true to two enhancement paragraphs during his sentencing by the trial court. 
The trial court sentenced appellant to confinement for 25 years.

Analysis

Appellant challenges legal
sufficiency of the evidence to prove that he (1) possessed a controlled
substance; and (2) was affirmatively linked to a controlled substance. 
Appellant does not challenge the jury=s findings regarding other elements
of the offense charged. 








I.          Legal
Sufficiency of Evidence Proving That Appellant Possessed a Controlled Substance       

In reviewing legal sufficiency of the
evidence, an appellate court will examine the evidence in the light most
favorable to the State to determine whether any rational finder of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999).  When reviewing legal sufficiency of the
evidence, the court does not sit as a thirteenth juror and may not re-evaluate
the weight and credibility of the record evidence or substitute its judgment
for that of the fact finder.  Dewberry, 4 S.W.3d at 740.

Reconciliation of conflicts in the
evidence is within the fact finder=s exclusive province.  See Mosley
v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court=s duty is not to reweigh the
evidence, but to serve as a final due process safeguard ensuring only the
rationality of the fact finder.  See Williams v. State, 937 S.W.2d 479,
483 (Tex. Crim. App. 1996).  An appellate court faced with a record of facts
that supports conflicting inferences must presume _ even if not obvious from the record _ that the finder of fact resolved any
such conflicts in favor of the State, and must defer to that resolution.  Jackson,
443 U.S. at 326.

A conviction for possession of a
controlled substance may be based on the testing of a representative amount of
a homogenous substance found in a container in the possession of a defendant.  See
Melton v. State, 120 S.W.3d 339, 342-44 (Tex. Crim. App. 2003).  Expert
testimony by a police officer, based upon visual observation and his training
and experience, that a substance is a controlled substance constitutes proper
evidence.  See id. at 343.  A jury may conclude based upon its own
inspection of a substance in evidence that the substance is homogenous.  See
id.








In Melton, the defendant was
convicted of possession of between four and 200 grams of cocaine.  Id.
at 341.  A bag containing 35-40 rocks of suspected crack cocaine was found on
the defendant=s person.  Id. at 340.  The State=s chemist tested an unspecified
number of the rocks, but did not test every single rock.  Id. at
340-41.  Each rock tested contained crack cocaine; the net weight of the rocks
was 5.77 grams.  Id.  

The defendant argued that he could
not be found guilty for possessing more than four grams of cocaine because each
rock was not tested to determine whether it contained cocaine.  Id. at
341.  The arresting officer testified that the rocks were crack cocaine, and
the jury was allowed to inspect the rocks that were admitted into evidence.  Id.
at 343.  The evidence was held legally sufficient to prove possession of
between four and 200 grams of cocaine, and the trial court=s judgment was affirmed.  Id.
at 344.

The facts here parallel those found
in Melton.  As in Melton, the arresting officer in this case
testified that he recognized the substance found in the car seat and the door
panel as cocaine.  The bag containing the powder substance tested by the crime
lab in this case, as in Melton, was submitted to the jury for its
inspection.  

The substances in appellant=s seat and in the driver=s door were not found in one bag
together, but they were in close proximity to one another and to appellant. 
Furthermore, appellant was charged with possession of less than one gram of a
controlled substance listed in Penalty Group 1, which is the least serious
offense for which he could be charged under the applicable statute regardless
of whether the charges were based on the weight of one or both substances
found.  See Tex. Health & Safety Code Ann. _ 481.115(a), (b) (Vernon 2003).  A
rational jury, viewing this evidence in the light most favorable to the State,
could have found beyond a reasonable doubt that appellant exercised actual
care, control, and management over the substance found in his seat and in the
door panel of the car he was driving, and that he knew the substance in his
possession was contraband.

We overrule appellant=s issue regarding legal sufficiency
of the evidence to prove that he possessed a controlled substance.[1]









II.        Legal
Sufficiency of Evidence Proving That Appellant Was Affirmatively Linked to a
Controlled Substance      

Here, we apply here the same standard
for legal sufficiency described in Part I.  To establish possession of a
controlled substance, the State must prove that the defendant exercised actual
care, control, and management over the contraband, and that he knew the
substance in his possession was contraband.  King v. State, 895 S.W.2d
701, 703 (Tex. Crim. App. 1995).  If the defendant does not have exclusive
possession of the contraband, independent facts and circumstances must link the
defendant to the contraband.  Poindexter v. State, 153 S.W.3d 402, 406
(Tex. Crim. App. 2005).

Texas courts have recognized a
non-exclusive list of affirmative links that may be used to determine whether a
defendant possessed contraband.  Evans v. State, 202 S.W.3d 158, 162
n.12 (Tex. Crim. App. 2006) (citing Olivarez v. State, 171 S.W.3d 283,
291 (Tex. App.BHouston [14th Dist.] 2005, no pet.)).  The number of linking factors
present is not as important as the Alogical force@ they create to prove the crime was
committed.  Evans, 202 S.W.3d at 162; Olivarez, 171 S.W.3d at
291.








Evans and Olivarez listed the
following affirmative links which courts have recognized, either singly or in
combination, as sufficient to establish possession of contraband: (1) defendant=s presence when a search is
conducted; (2) whether contraband was in plain view; (3) defendant=s proximity to and accessibility of
contraband; (4) whether defendant was under the influence of contraband when
arrested; (5) whether defendant possessed other contraband when arrested; (6)
whether defendant made incriminating statements when arrested; (7) whether
defendant attempted to flee; (8) whether defendant made furtive gestures; (9)
whether there was an odor of contraband; (10) whether other contraband or drug
paraphernalia were present; (11) whether defendant owned or had right to
possess the place where contraband was found; (12) whether the place where
contraband was found was enclosed; (13) whether defendant was found with a
large amount of cash; and (14) whether defendant=s conduct indicated a consciousness
of guilt.  Evans, 202 S.W.3d at 162 n.12; Olivarez, 171 S.W.3d at
291.

Numerous courts have concluded that
facts similar to those present here suffice to affirmatively link the defendant
to and prove possession of contraband.  See, e.g., Valencia v. State, 51
S.W.3d 418 (Tex. App.BHouston [1st Dist.] 2001, pet. ref=d); Grant v. State, 989 S.W.2d
428 (Tex. App.BHouston [14th Dist.] 1999, no pet.); Davis v. State, 923 S.W.2d
781 (Tex. App.BBeaumont 1996, pet. granted), rev=d on other grounds, 947 S.W.2d 240 (Tex. Crim. App.
1997) (en banc).

In Valencia, the defendant met
another individual in a parking lot, each in their respective cars, while the
two were being observed by a DEA agent who noticed them exhibiting suspicious
driving behavior.  Valencia, 51 S.W.3d at 419-21.  The person the
defendant met with opened the hatchback of the defendant=s car and removed a black bag from
the car.  Id. at 421.  Fifteen minutes later, this individual was
stopped by the DEA; the black bag was no longer in the car, but a female
passenger who had not been in the car previously was present.  Id.  The
black bag later was found in an apartment leased by the female passenger; it
contained more than eight kilograms of cocaine.  Id.  No fingerprints
were found on the bag, and scales and other packaging tools were found in the
apartment.  Id.

The defendant in Valencia was
arrested later at a grocery store.  Id.  Just one day earlier, the
defendant had picked up a black bag and a large sum of money from the
individual he met while under observation.  Id. at 421, 423.  The
defendant provided incomplete information as to his whereabouts and produced a
false driver=s license when he encountered police, which could be construed as
indicative of guilt.  Id.  The evidence in the case was legally and
factually sufficient to support the jury=s finding that the defendant was
affirmatively linked to the cocaine.  Id. at 423.








The circumstances here parallel those
in Valencia.  The cocaine in Valencia was found in a bag recently
removed from the defendant=s car.  See id.  In this case, the cocaine was found
in the seat and driver=s door panel of a car being driven by appellant.  The cocaine
was immediately accessible both here and in Valencia.  See id. 
In Valencia, the large quantity of cocaine made it unlikely that its
presence was accidental; the location of the cocaine in this case _ inside the driver=s door panel with a crack pipe _ makes it unlikely that the cocaine
was placed there accidentally.  See id.  Both appellant and the
defendant in Valencia exhibited suspicious driving behavior.  See id.
at 420-21.  Also, appellant=s nervous and apologetic reaction upon being stopped by
Officer King may be viewed as indicative of guilt, similar to the incomplete
information and false driver=s license produced in Valencia.  See id. at
421, 423.

Here, the evidence is sufficient to
affirmatively link appellant to the cocaine seized by police.  See id.
at 419-23; see also Grant, 989 S.W.2d at 431, 434 (plastic bag
containing marijuana seen sticking out from under driver=s seat of car defendant did not own
but had been driving for the past couple of days legally sufficient to
affirmatively link defendant to marijuana found); Davis, 923 S.W.2d at
786-87 (marijuana found in trunk of car not owned by defendant but that he and
passenger had driven to New York and back legally sufficient to affirmatively
link defendant to marijuana found).  Viewing the evidence here against this
backdrop of similar cases, we hold that a rational jury viewing this evidence
in the light most favorable to the State could have found beyond a reasonable
doubt that appellant was affirmatively linked to the cocaine found in the car
he was driving when he was stopped by Officer King.

Appellant=s legal sufficiency issue is
overruled.  Accordingly, the trial court=s judgment is affirmed.  

 

/s/        William J. Boyce

Justice

Judgment rendered and Memorandum
Opinion filed November 25, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           Appellant suggests in his brief that there
was no evidence to show what the substance was that gave rise to Officer King=s reasonable suspicion to arrest him, which appears to
be an argument that the fruits of the arrest should have been suppressed. 
However, the record indicates that appellant neither asserted his motion to
suppress evidence pre-trial nor objected when the cocaine was offered and
admitted into evidence.  Thus, appellant leaves us with nothing to review on
this point.  See Tex. R. App. P. 33.1(a).