**Opinion issued January 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00800-CR

_____

**BETTY DOUGIA JASPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court**
**Hardin County, Texas[1]**
**Trial Court Case No. 64262**

---

**MEMORANDUM OPINION**

---

[1]   The Supreme Court of Texas transferred this appeal from the Court of Appeals for the Ninth District of Texas. Misc. Docket No. 13-9138 (Tex. Sept. 13, 2013); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases). We are unaware of any conflict between precedent of the Court of Appeals for the Ninth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Appellant, Betty Dougia Jasper, was charged by information with criminal trespass.[2] Appellant pleaded not guilty. The trial court found her guilty. The trial court assessed punishment at 180 days in state jail, suspended the sentence, and placed her on community supervision for nine months. In one issue on appeal, appellant argues that the evidence is insufficient to establish that she actually trespassed.

We affirm.

## Background

On May 11, 2011, appellant was inside the Crawdad's Convenience Store in Lumberton, Texas. She and another customer were waiting for coffee to brew. She told the customer about her pending divorce, and the man said he knew her husband. Appellant told him to "watch out" because her husband was probably sleeping with his wife. Appellant kept talking, using vulgar language. The man looked at the store clerk, asking, "Can you do something about this?"

The clerk asked appellant to leave, and appellant became hostile. The store manager came out from the back office and also told appellant she needed to leave. Appellant told the clerk she knew where she lived and threatened to record her license plate number. The manager called the police. Appellant went outside,

---

[2] *See* TEX. PENAL CODE ANN. § 30.05(a)(1) (Vernon Supp. 2013).

wrote some things on some paper, and videotaped the premises, including the clerk's car. She then drove away.

Sergeant B. Powell and Officer C. Robichaux responded to the alert. Sergeant Powell drove to the convenience store. Officer Robichaux located appellant in her car and pulled her over. Sergeant Powell notified Officer Robichaux that the manager asked for a criminal trespass warning to be issued, and Officer Robichaux issued it to appellant. The written warning identified the property she was prohibited from entering as being at the corner of Chance and Highway 96. At trial, the following exchange occurred with Officer Robichaux:

Q. Was it clear to you that [appellant] understood she was not to go back to Crawdad's store?

A. Yes, sir, it was.

Q. Was it understood that she was not to drive around, walk on, or do anything at Crawdad's store?

A. Yes, sir, it was.

On July 11, 2011, appellant returned to Crawdad's Convenience Store. She drove around the parking lot. At one point, she parked the car and a friend of appellant's got out of the car, went inside, purchased some items, and returned to appellant's car. Appellant drove around the parking lot of the convenience store a number of times, videotaping the premises, extended her middle finger out her

window, and yelled obscenities. The manager called the police. Appellant was later arrested.

## Sufficiency of the Evidence

In her sole issue on appeal, appellant argues that the evidence is insufficient to establish criminal trespass because she never entered the store on July 11, 2011.

## A. Standard of Review

We apply the same standard of review in bench trials as we do in jury trials. *Grant v. State*, 989 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.] 1999, no pet.). We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks* v. *State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson* v. *Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v.*

*State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton* v. *State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton,* 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell* v. *State,* 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

Section 30.05 of the Texas Penal Code provides, "A person commits an offense if the person enters or remains on or in property of another . . . without effective consent and the person . . . had notice that the entry was forbidden." TEX. PENAL CODE ANN. § 30.05(a)(1) (Vernon Supp. 2013).  One definition of "notice" under the statute is "oral or written communication" by the proper authority.  *Id.* § 30.05(b)(2)(A).   Appellant argues that she did not commit criminal trespass because she did not enter the store when she returned on July 11, 2011.  We disagree.

The relevant statute provides that the offense is committed if the person enters "on or in" the relevant property.  *Id.* § 30.05(a).  The language of the statute, then, does not limit criminal trespass violations to entering indoor areas only.  The warning that appellant received did not limit her restriction to the inside of the premises.  Further Officer Robichaux testified that it was clear to appellant when she received the notice that she could not "*drive around*, walk on, or do anything at Crawdad's store."  (Emphasis added.)  *See id.* § 30.05(b)(2)(A) (permitting notice to be written or oral).

Appellant testified at trial that she thought she was only prohibited from entering the building.   While this may create a factual conflict to Officer Robichaux's testimony that it was clear to appellant that she understood the

6

prohibition was greater than that, conflicts in the evidence are for the trier of fact to resolve. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789 (holding it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). This testimony does not render the contrary evidence insufficient.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).