

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00277-CR

WILLIAM XOUMPHONPHAKDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 078040-C-CR, Honorable Ana Estevez, Presiding

May 14, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In the annals of internet folklore, few phenomena have captured public imagination quite like the Great Dress Debate of 2015—where millions argued whether a particular garment was white and gold or black and blue, depending on light and perspective.[1] Just as those pixels challenged our perception of color, so too must we carefully examine the nuanced details of evidence before this Court.

---

[1] *See* https://slate.com/technology/2017/04/heres-why-people-saw-the-dress-differently.html (explaining that how individuals perceive color may be informed by their perception of lighting).



The defendant argues that a critical evidentiary discrepancy exists: the controlled substances he was caught with in a clear plastic bag somehow transformed into a green bag by the time of trial. While the viral dress taught us that perception can indeed play tricks, the law demands more than mere optical illusion to overturn a conviction.

Following a plea of not guilty, Appellant, William Xoumphonphakdy, was convicted by a jury of possession of a controlled substance in an amount of one gram or more but less than four grams, enhanced by two prior felonies.[2] The jury sentenced him to confinement for thirty years. By his original and reply brief, Appellant challenges the sufficiency of the evidence to support his conviction with a focus on whether the baggie of methamphetamine recovered at the scene was the same baggie tested and admitted into evidence. We affirm.

---

[2] TEX. HEALTH AND SAFETY CODE ANN. § 481.115(c); TEX. PENAL CODE ANN. § 12.42(d).

## BACKGROUND

During the morning hours of July 21, 2019, Officers Bissoni and Dixon were on patrol and observed Appellant walking in the middle of a road with no sidewalk just ahead of their patrol vehicle. His conduct was a violation of the Texas Transportation Code.[3] The officers activated the patrol vehicle's lights and stopped. Bissoni observed Appellant reach into his pants pocket, pull out a plastic baggie, and throw it on the ground.[4] Appellant then approached the officers' vehicle. He was arrested for violating the Transportation Code.[5] Bissoni picked up the discarded baggie and placed it on the hood of the patrol vehicle. Based on his training and experience, he believed the substance in the baggie was methamphetamine. During a search incident to arrest, Bissoni found a pipe with residue in Appellant's pocket.

Dixon testified he and Bissoni booked the evidence at the police department later in their shift. He explained that when evidence is collected, it is secured in the trunk of the patrol vehicle and taken to the evidence room at the police department. It is then sealed in a plastic evidence bag. That bag is initialed and dated by the booking officer and sealed. Finally, it is placed in a secure vault until it is tested. Dixon testified he followed procedure and did not handle the evidence again until he brought it to trial.

---

[3] Section 552.006(b) provides that if a sidewalk is not provided, a pedestrian shall walk on the left side of the road or shoulder facing oncoming traffic unless it is obstructed or unsafe to do so. TEX. TRANSP. CODE ANN. § 552.006(b).

[4] The event was captured on the patrol vehicle's dash cam recorder. Bissoni testified they did not have body cameras at the time.

[5] Bissoni testified Appellant was also arrested for possession of a controlled substance and possession of drug paraphernalia.

3

**ANALYSIS**

By his sole issue, Appellant contends the evidence is insufficient to sustain his conviction because the baggie of methamphetamine admitted into evidence was not the same baggie collected at the time of his arrest. We disagree.

**STANDARD OF REVIEW**

Due process requires that a conviction be based on legally sufficient evidence. *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). The only standard a reviewing court should apply is whether a rational jury could have found each essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence, we consider all evidence, direct and circumstantial and whether properly or improperly admitted, and view it in the light most favorable to the verdict. *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). In doing so, we compare the statutory elements as defined by a hypothetically correct jury charge. *Id.* The trier of fact is the sole judge of the credibility and weight to be attached to the evidence. *Id.* When the record supports conflicting inferences, we presume the trier of fact resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

To prove possession, the State was required to show Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the substance possessed was contraband. TEX. PENAL CODE ANN. § 1.07(39); TEX. HEALTH & SAFETY CODE ANN. § 481.002(38); *Evans v. State*, 202 S.W.3d 158, 162-63 (Tex. Crim. App. 2006).

4

The jury is the sole judge of the credibility and weight to be attached to the testimony of witnesses. TEX. CODE CRIM. PROC. ANN. art. 38.04; *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016). A factfinder may "infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference." *Tate*, 500 S.W.3d at 413-14. Circumstantial evidence can be sufficient to establish guilt; it is not necessary for every fact to point directly and independently to the accused's guilt. *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

Appellant maintains the State's evidence shows "*two different* baggies not one" rendering it impossible for a rational factfinder to give the evidence any weight. He asserts "sloppy handling procedures" made the baggie admitted into evidence *absolutely not* the one collected at the scene." (Emphasis in Appellant's Reply Brief).

Appellant contends the baggie photographed at the scene (State's Exhibit 5) shows "four [parallel] noticeable lines above the Ziploc" and "no such lines" in the photograph labelled State's Exhibit 10. A careful inspection of the physical evidence labelled State's Exhibit 10, however, shows the baggie collected on the scene is the same baggie booked into evidence, tested by the forensic scientist, and admitted into evidence for the jury to review. The green baggie shows the lines above the zipper portion of the Ziploc bag just as they appear in State's Exhibit 5. The baggie the officer placed on the hood of the patrol vehicle shows a greenish color around the edges. The forensic scientist testified that when he received the green baggie for testing it was heat sealed, indicating it had not been previously opened. Test results confirmed the presence of 1.5 grams of

5

methamphetamine. After testing, the forensic scientist resealed the evidence bag and it was returned to the vault.

Bissoni and Dixon both explained the procedure for collecting evidence and providing it to the Property Division of the police department for booking. They were both asked whether they make other stops and arrests during a shift in which other evidence might be collected and placed in the trunk of the patrol vehicle; both answered "[y]es." But no evidence was offered that other arrests were made or of other evidence collected during the same shift in which Appellant was arrested. Bissoni testified he was "a hundred percent confident that that [sic] is the same bag that I booked into evidence." Dixon was asked if the "little green baggie" was the one retrieved on the date of Appellant's arrest. He answered, "[y]es, that is what was picked up off the ground." Absent evidence of tampering or fraud, which is not alleged by Appellant, any potential problems in the chain of custody would have affected the admissibility of evidence. *Duery v. State*, 225 S.W.3d 491, 503 (Tex. Crim. App. 2007). Had there been an issue with the chain of custody, it would have impacted only the weight of the evidence, not its admissibility. *Id.* at 503-04.

The evidence established Appellant had exclusive care, custody, control, or management of the contraband. The knowledge element of the offense of possession is subjective and must be inferred to some extent. *See Grant v. State*, 989 S.W.2d 428, 433 (Tex. App.—Houston 1999, no pet.). Appellant's conduct in discarding the baggie when the officers stopped behind him provides an inference that he knew the content of the baggie was contraband. The evidence further shows the baggie collected at the time of Appellant's arrest was the same baggie admitted into evidence and tested by the forensic scientist. The jury was free to believe the officers' assurances that the baggie

6

admitted into evidence was the same one collected at the scene. It was within the jury's province to assess the weight to be given to the evidence. We find the evidence is sufficient to support Appellant's conviction. His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.